## MORRILL *v.* JONES.

1. Animals, specially imported from beyond the seas for breeding purposes, are not subject to duty.
2. The Secretary of the Treasury has no authority to prescribe a regulation requiring that, before admitting them free, the collector shall "be satisfied that they are of superior stock, adapted to improving the breed in the United States."

ERROR to the Circuit Court of the United States for the District of Maine.

Section 2505 of the Revised Statutes provides, among other things, that "Animals, alive, specially imported for breeding purposes from beyond the seas, shall be admitted free [of duty], upon proof thereof satisfactory to the Secretary of the Treasury, and under such regulations as he may prescribe." Article 383 of the Treasury Customs Regulations provides that before a collector admits such animals free he must, among other things, "be satisfied that the animals are of superior stock, adapted to improving the breed in the United States."

Jones imported certain animals, which were entered at the port of Portland, Maine, and he claimed that they should be admitted free, as they were "specially imported for breeding purposes." Morrill, the collector, though the importation was for breeding purposes, demanded the duties because he was not satisfied that the animals were of "superior stock." The duties were accordingly paid under protest, and this suit was brought to recover the amount so paid.

On the trial the court instructed the jury "that, under the statute, animals, whether of superior or inferior stock, if, in fact, imported specially for breeding purposes, are entitled to be admitted free of duty," and "that the law does not give to the Secretary of the Treasury power to prescribe in the regulations what classes of animals imported for breeding purposes shall be admitted free of duty." To this instruction an exception was taken. The jury returned a verdict against the collector, upon which judgment was rendered. To reverse that judgment this writ of error was brought.

The error assigned relates to the instruction as to the effect of the treasury regulation.

*Mr. Assistant Attorney-General Maury* for the plaintiff in error.

*Mr. Charles P. Mattocks* for the defendant in error.

MR. CHIEF JUSTICE WAITE, after stating the case, delivered the opinion of the court.

The Secretary of the Treasury cannot by his regulations alter or amend a revenue law. All he can do is to regulate the mode of proceeding to carry into effect what Congress has enacted. In the present case we are entirely satisfied the regulation acted upon by the collector was in excess of the power of the Secretary. The statute clearly includes animals of all classes. The regulation seeks to confine its operation to animals of "superior stock." This is manifestly an attempt to put into the body of the statute a limitation which Congress did not think it necessary to prescribe. Congress was willing to admit duty free all animals specially imported for breeding purposes; the Secretary thought this privilege should be confined to such animals as were adapted to the improvement of breeds already in the United States. In our opinion, the object of the Secretary could only be accomplished by an amendment of the law. That is not the office of a treasury regulation.

It has been argued here, that as it appears from the testimony, which has been incorporated into the bill of exceptions, that the importation in this case was from Prince Edward Island, it was not from "beyond the seas," and therefore that the judgment below was right. It is a sufficient answer to this objection that no such point was made below. The court was not asked to rule on any such question. Our examination is confined to such exceptions as were taken to the rulings actually made on the trial and incorporated in some form into the record, "an authenticated transcript" of which is returned with our writ of error.

*Judgment affirmed.*