BALFOUR and others *v.* SULLIVAN, Collector, etc.

*(Circuit Court, D. California.* March 10, 1884.)

CUSTOMS DUTIES—GRAIN BAGS—RE-ENTRY FREE OF DUTY—POWERS OF SECRE-
TARY.

The customs and revenue 'laws provide that "grain bags, the manufacture
of the United States, when exported filled with American products, may be re-
turned to the United States free of duty, under such rules and regulations as
shall be prescribed by the secretary of the treasury." Grain bags manufactured
in this country from imported materials were exported full of California wheat.
The exporter demanded and received according to law, out of the public treas-
ury, the drawback due him on account of the duty formerly collected upon the
materials of which the bags were made. Upon the return of the grain bags,
*held,* that they were entitled to pass free of duty. The power of the secretary
to prescribe rules and regulations does not authorize him to impose a duty, not
provided for by congress, in repayment of the drawback.

At Law.

*Page & Eells* and *Milton Andros,* for plaintiffs.

*S. G. Hilborn,* U. S. Atty., and *Ward McAllister,* Asst. U. S. Atty.,
for defendant.

SAWYER, J. This is a suit to recover of defendant the sum of $180,
collected as duties on 11,850 grain bags, which collection of duties is
claimed to be unlawful. The grain bags had been manufactured by
Detrick & Co., manufacturers of bags, at San Francisco, out of ma-
terial of foreign production, upon which the importers had paid the
proper duties. The bags were stamped, "Detrick—Drawback Right
Reserved," and sold to grain producers of the state of California.
These bags having been purchased by the grain growers, and filled
with wheat produced in California, were, with their contents, after-
wards sold to plaintiffs, in the ordinary course of business in the grain
market, who shipped the wheat in the bags, as so purchased of the
producers, to Liverpool, England, where the wheat was sold, and
emptied from the bags, and the bags were afterwards brought back
to San Francisco, whence they had been shipped by plaintiffs, the
ownership of the bags remaining in the plaintiffs from the time
of their purchase, filled with California wheat, till their return to San
Francisco empty. Upon their leaving San Francisco, filled with
wheat, Detrick & Co. claimed the drawback of duties paid on the ma-
terial used in the manufacture of the bags, and the drawback was paid
to them in assumed pursuance of the provisions of section 3019 of
the Revised Statutes of the United States, and the regulations of the
secretary of the treasury for carrying those provisions into effect. On
the return of the bags the plaintiffs claimed, upon various grounds,
that they were entitled to bring the bags to San Francisco and receive
them free of duty. The collector took the ground that the drawback
having been paid on exportation, in pursuance of section 3019, and
the regulations of the secretary of the treasury, duties must be paid;
and plaintiffs were compelled to pay the duties claimed in order

to obtain the bags. The action of the collector, in collecting the duties, was affirmed by the secretary of the treasury, and this action is brought to recover the duties so collected.

Section 9 of the act of congress of February 8, 1875, "To amend existing customs and internal revenue laws, and for other purposes," (Supp. Rev. St. 130,) provides that "*grain bags*, the manufacture of the United States, when *exported, filled with American products, may be returned* to the United States *free of duty*, under such rules and regulations as shall be prescribed by the secretary of the treasury." There is no exception to these provisions. The *bags*, whatever may be said of the *material*, were "the manufacture of the United States," and they were exported *filled with American products*, and being such were entitled under this act to "be returned to the United States *free of duty*." It does not appear to me that this explicit language is open to construction. The only exception is that they shall be returned "under such rules and regulations as shall be prescribed by the secretary of the treasury." The authority of the secretary only extends to the *modus operandi*—the course to be pursued in identifying and returning the "grain bags;" and that power does not extend to an imposition of a duty in the face of the provision of the statute that they "may be returned * * * free of duty." The statute in no sense authorizes the imposition of a duty, as a part of the rules and regulations to be prescribed by him. The omission to provide for a repayment of the drawback in such cases may be an oversight on the part of congress. But whether so or not, to require by regulation the collection of the regular duties upon bags manufactured in the United States, because the bags, when exported, paid a "drawback" for duties on the material of which they were manufactured, is to ingraft an exception on the provisions of the act, authorizing the bags which were "exported filled with American products," "to be returned * * * free of duty," which congress either did not see fit or omitted to adopt. The secretary of the treasury was not authorized to make any such exception. *Morrill* v. *Jones,* 106 U. S. 466; S. C. 1 Sup. Ct. Rep. 423; *Merritt* v. *Welsh,* 104 U. S. 702; *Balfour* v. *Sullivan,* 8 Sawy. 648; S. C. 17 FED. REP. 231.

Under the provision of the act cited the bags in question were entitled to re-enter the United States "free of duty," and the duties on that ground were illegally demanded and collected. None of the other provisions of the statute cited affect this ground relied on for a recovery, and they therefore need not be discussed.

There must be a judgment for plaintiffs for the amount of duties unlawfully collected, and it is so ordered.