### SIEGFRIED *et al. v.* PHELPS, Collector.

*(Circuit Court, N. D. California.* December 16, 1889.)

1. CUSTOMS DUTIES—FREE GOODS—REQUIREMENT OF INVOICE.
   *Free goods* not chargeable with duties, are not within the provisions of sections 2854 to 2857 requiring an invoice with a certain prescribed declaration of the shipper, and a certificate of the consul at the port of shipment, or the prescribed bond to be presented to the collector as a condition of entry of the goods.
2. SAME—AUTHORITY OF SECRETARY OF TREASURY.
   *The secretary of the treasury* is not authorized to impose, by regulations, burdens on commerce, not imposed or authorized by the statute.

*(Syllabus by the Court.)*

At Law. On demurrer to complaint, on the ground that the facts stated do not constitute a cause of action.

*John S. Mosby* and *A. P. Van Duzer*, for plaintiffs.

*J. T. Carey*, U. S. Atty., for defendant.

Before SAWYER, Circuit Judge.

SAWYER, J. This is a suit to recover the value of a certain shipment of tea, at a port in China, to the port of San Francisco, arising out of a refusal of the collector to allow the tea to be entered without presenting to him an invoice having indorsed thereon the declaration required to be made before the consul at the port of shipment, and the consul's certificate required by sections 2854 and following of the Revised Statutes; or giving the bond to produce one at some future day, in pursuance of the provisions of section 2857.

The plaintiffs insist that the merchandise being tea, which pays no duty, does not fall within the provisions of the statute, which is intended to apply to dutiable goods only, and it appears to me that this position is correct. There is nothing at all, said about non-dutiable goods; and the provisions are adapted only, to dutiable goods, subject to either *ad valorem*, or *specific* duties. The declaration provided for, must state, that the invoice "contains, if the merchandise mentioned

therein *is subject to ad valorem duty*, and was obtained by purchase, a true and full statement of the time, when, and the place where, the same was purchased, and the *actual cost thereof, and of all charges thereon;* * * * and when obtained in any other manner than by purchase, *the actual market value thereof at the time*, and place, when and where the same was procured, or manufactured; and if *subject to specific duty, the actual quantity thereof.*" This requirement was, manifestly, intended to enable the collector to determine the amount of duties to be collected, and a form of declaration is adopted by the statute, adapted to each mode of assessing duties, so that the collector can ascertain the value of the goods subject to *ad valorem,* and the quantity of those, subject to, specific, duties. But neither form is adapted to non-dutiable goods, and there is no occasion to know, for the purposes of the revenue, either the value or quantity. Non-dutiable goods are not mentioned, and no declaration is provided, adapted to that class of goods. Which of the forms should be adopted, when neither is prescribed, and neither would fit the subject-matter? So the bond provided for in section 2857, is to be in "*double the amount of duty apparently due,* conditioned for the *payment of the duty which shall be found to be actually due thereon.*" As the invoice or the manifest, shows for itself what the goods are, and that they pay no duty, whatever, the conditions of the bond no more fit the case than do the matters prescribed in the statement to be made before the consul in the case of dutiable goods? Evidently the statute mentioned all the cases to which this declaration, certificate and bond were intended to be made applicable. To extend the requirement by loose construction, or inference, to goods that pay no duty, would be to impose, in the aggregate, large burdens upon commerce, without any corresponding benefit.

I do not think the secretary of the treasury is authorized by the statute to put any burdens upon commerce, in addition to those imposed by the statute itself. He is authorized to make regulations, "not inconsistent with law "—to regulate the imposition, and enforcement of the burdens provided for by law, but not to impose others. Burdens imposed upon commerce in addition to those imposed by statute would be "inconsistent with law," and unauthorized. See *Balfour* v. *Sullivan*, 8 Sawy. 649, 17 Fed. Rep. 231, and cases cited; *Merritt* v. *Welsh*, 104 U. S. 695–700; *Morrill* v. *Jones*, 106 U. S. 466, 1 Sup. Ct. Rep. 423.

The court of claims in *Mosby* v. *U. S.*[1] took this view, when it held that the consul was entitled to recover a considerable amount paid into the treasury under protest, for fees collected for such certificates, appended to invoices and statements of free goods, on the ground that these services performed, although in form official, were not official in fact, or in law; and the United States had no concern with them,—that it was a matter entirely between the owner of the goods, who voluntarily, without requirement of law, obtained, and paid for the services, and the consul, who in his own individual private character, voluntarily, performed the service for the compensation received of the owner, so

* Not reported.

paid of his own free will. The amount of the items recovered in that single instance,—$2,095—will afford some indication of the extent of the burden in the aggregate, such a regulation by the secretary would impose on commerce.

In my judgment the collector unlawfully refused to allow the entry, and is liable. The demurrer to the complaint must be overruled, and it is so ordered.