## In re PAGE.

### (Circuit Court, D. Washington, N. D. February 13, 1904.)

### No. 1,074.

1. CUSTOMS DUTIES—LIVE STOCK—ANIMALS IMPORTED FOR BREEDING PUR-POSES.

Paragraph 473 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1679]), placing on the free list "any animal imported specially for breeding purposes," if pure bred, of a recognized breed, and duly registered, does not limit such right of free importation to citizens of the United States, nor restrict it to animals imported for the personal use of the importer, and not for sale; and, in view of the manifest policy of the provision to encourage improvement in the breeds of live stock by farmers and stock raisers, neither the administrative officers nor the courts are authorized to read such restriction into the law.

Petition for review of a decision of the Board of General Appraisers denying free importation of ten Percheron horses, to be sold in the United States for breeding purposes. G. A. 5,247, T. D. 24,112. Reversed.

See U. S. v. 196 Mares (C. C.) 29 Fed. 139, and U. S. v. 11 Horses (C. C.) 30 Fed. 916.

William J. Gibson and W. H. Bogle, for petitioner.
Edward E. Cushman, Asst. U. S. Atty.

HANFORD, District Judge. The material facts in this case are that the appellant, Hubert F. Page, resides in British Columbia, where he has a stock-breeding farm, and is engaged in raising horses for sale. On October 18, 1901, he imported into the United States, at Sumas, in the collection district of Puget Sound, four Percheron stallions, invoiced and appraised at $500 each, and six Percheron mares, invoiced and appraised at $300 each. Said animals were pure bred, of a recognized breed, and duly registered. They were raised by the importer on his farm, and were brought into this state to be sold for breeding purposes, and eight of them were sold, bringing an average price of $394 each; and the owner, being unable to obtain a satisfactory price for the other two, took them back to his farm in British Columbia.

It is claimed that these animals should have been admitted into the United States free of duty, under paragraph 473 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1679]), which is as follows:

"Any animal imported specially for breeding purposes shall be admitted free: provided, that no such animal shall be admitted free unless pure bred of a recognized breed, and duly registered in the book of record established for that breed: and provided further, that certificate of such record, and of the pedigree of such animal shall be produced and submitted to the customs officer, duly authenticated by the proper custodian of such book of record, together with the affidavit of the owner, agent, or importer, that such animal is the identical animal described in said certificate of record and pedigree: and provided further, that the Secretary of Agriculture shall determine and certify to the Secretary of the Treasury what are recognized breeds and pure bred animals under the provisions of this paragraph. The Secretary of the

Treasury may prescribe such additional regulations as may be required for the strict enforcement of this provision. Cattle, horses, sheep, or other domestic animals straying across the boundary line into any foreign country, or driven across such boundary line by the owner for temporary pasturage purposes only, together with their offspring, may be brought back to the United States within six months free of duty, under regulations to be prescribed by the Secretary of the Treasury."

All of the requirements of this statute, and of departmental regulations with respect to the importation of live animals for breeding purposes free of duty, were fully complied with, but the collector of customs exacted payment of a duty tax of 25 per cent. ad valorem, which the importer paid under protest. Upon a review of the case, the Board of General Appraisers confirmed the exaction of the collector of customs, and, to reverse that decision, the importer has made an application to this court. The case has been heard and submitted upon the record and facts certified by the board.

It is an undisputed fact that the animals were each suitable and valuable for breeding purposes, and were intended to be used for that purpose, and, after being imported, were bought for that purpose at prices considerably higher than would have been paid for such animals intended for general utility; and there is no question of fraud or want of good faith on the part of the importer involved. The only grounds upon which the Board of General Appraisers refused to admit these horses free of duty are that the importer does not live in the United States, and the animals were not imported by him for his own personal use for breeding purposes within the United States, but to be sold.

The statute applicable to the facts in this case which was in force at the time of the importation in question does not in terms, nor by implication, restrict the importation of animals for breeding purposes so as to confer any special privilege in that respect upon citizens or inhabitants of the United States; nor does it prohibit the sale of such animals after being imported free. The manifest object of the law is to assist farmers and stock raisers in the United States in the production within the United States of the best breeds of live stock. Except in the comparatively few instances of wealthy stock fanciers, those who require breeding animals cannot afford to import them. They must buy of others who can make a profit by importing animals for sale, and Congress, by omitting words expressing an intent to restrict the right of free importation to the few who can afford to import animals for their personal use, acted advisedly. The words used by Congress were well chosen to express accurately the legislative intent, the law does not require construction to make it intelligible, and there is no authority given to the courts, nor to administrative officers of the government, to add words or phrases to a statute in order to change its meaning or restrict its application. Newhall v. Sanger, 92 U. S. 765, 23 L. Ed. 769; Morrill v. Jones, 106 U. S. 466, 1 Sup. Ct. 423, 27 L. Ed. 267.

The appellant is entitled to recover from the United States the amount paid as duty upon the animals referred to, and I direct that a judgment be entered reversing the decision of the Board of General Appraisers.