## JOHNSON v. UNITED STATES.

CRIMES AND OFFENSES; EXECUTIVE OFFICERS OF THE GOVERNMENT; CIVIL
SERVICE; PERJURY.

1. A power conferred by law upon executive officers of the government to
   make regulations in aid of the execution of a law, or for the better
   administration of powers committed to them, does not extend to mak-
   ing a violation of one of those regulations a criminal offense.
2. Properly construed, the clause of the 2d section of the civil service act
   of Congress of January 16, 1883, providing that every application for
   examination shall ' contain, among other things, a statement, under
   oath, setting forth the bona fide residence of the applicant at the time
   the application is made, as well as how long the applicant has been a
   resident of such place, requires an applicant to make oath, not only
   to an inquiry in regard to his or her residence, but also to other in-
   quiries that may be considered relevant and proper by the Civil
   Service Commission, with the approval of the President.
3. And a wilfully false answer by such an applicant, to a question in an
   application for examination, as to whether he had ever been in the
   government employ, and, if so, whether he had resigned or had been
   discharged, is perjury, within the meaning of section 5392 U. S. Rev.
   Stat. (U. S. Comp. Stat. 1901, p. 3653).

No. 1541. Submitted October 4, 1905. Decided October 17, 1905.

HEARING on an appeal by defendant from a judgment and sentence of conviction of the Supreme Court of the District of Columbia holding a criminal court, entered upon a verdict finding the defendant guilty of perjury.                    *Affirmed.*

The COURT in the opinion stated the case as follows:

The appellant, Stephen U. G. Johnson, has been adjudged guilty in the supreme court of the District of the crime of perjury, and sentenced to imprisonment in jail for the period of eleven months and twenty-nine days.

The indictment charged that, desiring an appointment as letter carrier in the postoffice of the city of Washington, the said Johnson, as required by law and the regulations of the Civil Service Commission, made an application to said commission for examination and entry upon the list of persons eligible for appointment to said position; that upon the form of application so required he wrote his answers to certain questions propounded therein, and subscribed the same, and made oath of the truth of his said answers before one Joseph R. Fague, a notary public for the District of Columbia; that a material fact to be disclosed in said application was whether the applicant had ever been employed in the civil service of the government of the United States, and separated therefrom, and if so, whether he had resigned or been discharged therefrom; that to the questions whether the applicant had been separated from the government civil service, and whether he had resigned or had been discharged, he answered "No;" that said statement was knowingly and wilfully false, because the applicant had, in fact, been in the government civil service, and had been separated therefrom through discharge. A demurrer to the indictment was overruled and the case was tried before a jury resulting in a verdict of guilty. The defendant then filed a motion in arrest of judgment on the following grounds:

1. That the indictment does not charge an offense under the laws of the United States. 2. That the indictment charges violation of a pretended rule of the Civil Service Commission, and

not a law of the United States.  3. That there is no rule of the Civil Service Commission, promulgated by the President of the United States, which required the defendant to answer the particular questions set out in the indictment.  This motion was overruled, and from the judgment entered on the verdict, and imposing sentence, the defendant has prosecuted this appeal.

Mr. *Frank J. Hogan,* Mr. *M. F. Mangan,* and Mr. *Fountain Peyton,* for the appellant:

1. In order to sustain a conviction under U. S. Rev. Stat. § 5392, the oath must have been one taken before a competent officer in a "case in which a law of the United States authorizes an oath to be administered."  The one requirement of law relating to an oath in connection with an application to the Civil Service Commission is found in art. 3, subsec. 2, of sec. 2 of the act of January 16, 1883, known as the "civil service law," which does not require an oath to any statement in a civil service application other than the statement setting forth the place of residence of the applicant.  This provision of law clearly and only requires that there shall be "a statement, under oath, setting forth" the applicant's bona fide residence.  It impliedly excludes the requirement of an oath to the "other things" which "every application for an examination shall contain."  Even though the President had promulgated civil service regulations expressly requiring an oath to the truthfulness of the answer to the question this appellant is alleged to have falsely answered, such regulations, under all of the authorities, could not have the force and effect of law to the extent of making a violation of them a crime.  *Fleming* v. *Stahl,* 83 Fed. 940; *United States* v. *Maid,* 116 Fed. 650; *United States* v. *Babcock,* 4 McLean, 113; *Morrill* v. *Jones,* 106 U. S. 467; *United States* v. *Eaton,* 144 U. S. 688; *United States* v. *Manion,* 44 Fed. 800.

2. Assuming the falsity of the statement, to constitute perjury it is essential, not only that the oath was as to the particular matter authorized by law, but also that it was admin-

istered by some person duly authorized to administer the same in the matter or cause wherein it was taken.   Section 5392 of the Revised Statutes refers only to "an oath taken before a competent tribunal, officer, or person."   See *United States* v. *Curtis,* 107 U. S. 671; *United States* v. *Hall,* 131 U. S. 53; *United States* v. *Reilly,* 131 U. S. 60; *United States* v. *Manion, supra; United States* v. *Bedgood,* 49 Fed. 60; *United States* v. *Howard,* 37 Fed. 666; *United States* v. *Law,* 50 Fed. 915.

*Mr. Morgan H. Beach,* United States Attorney for the District of Columbia, and *Mr. J. S. Easby-Smith,* Assistant, for the United States.

Mr. Chief Justice Shepard delivered the opinion of the Court:

It is well settled, as contended on behalf of the appellant, that a power conferred upon executive officers to make regulations in aid of the execution of a law, or for the better administration of affairs committed to them, does not extend to making a violation of one of those regulations a criminal offense.   But the indictment did not charge the appellant with the offense of violating one of the civil service regulations relating to applications, but the commission of the offense of perjury in violation of section 5392, Rev. Stat. (U. S. Comp. Stat. 1901, p. 3653), which reads as follows:  "Every person who, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration,   *   *   *   or certificate   *   *   *   is true, wilfully and contrary to such oath, states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall be punished," etc.

The perjury charged consisted in wilfully making a false answer under oath to one of the questions propounded in the application required by the civil service regulations.   If there

existed the power to make a regulation specifying the form of questions to be answered by the applicant, and to require oath to be made thereto, then the oath, when administered by an officer lawfully empowered, became an oath authorized by law, and any material statement falsely made became punishable as perjury under said section. *United States* v. *Bailey,* 9 Pet. 238, 9 L. ed. 113; *Caha* v. *United States,* 152 U. S. 211, 218, 38 L. ed. 415, 417, 14 Sup. Ct. Rep. 513; *Re Kollock,* 165 U. S. 526, 533, 41 L. ed. 813, 815, 17 Sup. Ct. Rep. 444.

The final contention is, that, by a clause of the 2d section of the civil service act of January 16, 1883, the power to make a regulation requiring a sworn statement in an application is expressly limited to that relating to the residence of the applicant; wherefore the oath made to the statement set out in the indictment was not only not authorized by law, but was in plain excess of its provisions. If this contention were sound, the conclusion would necessarily follow that the indictment is without foundation. *Morrill* v. *Jones,* 106 U. S. 466, 27 L. ed. 267, 1 Sup. Ct. Rep. 423. But we cannot accept this view of the meaning of the act. The clause referred to provides that "every application for an examination shall contain, among other things, a statement under oath setting forth his or her actual bona fide residence at the time of making the application, as well as how long he or she has been a resident of such place." [22 Stat. at L. 404, chap. 27, U. S. Comp. Stat. 1901, p. 1218.]

An avowed purpose of the civil service act was to provide a fair apportionment of appointments to positions in the departments at the capital among the several States according to their population, and to effectuate this it was of prime importance that the residence of each applicant should be truly stated. This being a simple requirement of general application to all cases, the Congress did not leave it to the discretion of those charged with the execution of the law. As it was apparent, however, that further detailed information would be requisite to enable them to fully and fairly perform the duties intrusted to them,— information that would necessarily vary in its scope in respect of the many different qualifications required of applicants for the

distinct branches of the government service,—the power to make inquiries relating thereto was almost of necessity left to their discretion. These were embraced in the "other things" mentioned in the clause aforesaid. It is true that the clause may not be happily constructed so as to show this intention with absolute certainty, but we think it clear that it must be interpreted as if, by transposition of words, it had been written as follows: Every application for an examination shall contain a statement, under oath, among other things setting forth his or her actual bona fide residence, etc. So read, the act itself required oath to be made, not only to the inquiry in regard to residence, but also to others that might be considered relevant and proper by the Civil Service Commission with the approval of the President. This conclusion renders it unnecessary to consider the particular effect of the general authority to make regulations conferred by another clause of the same section.

The oath having been authorized by law, there can be no doubt of the power of a notary public of the District of Columbia to administer it under the provisions of section 986, D. C. Rev. Stat., then in force. It is proper to say that the objection to the indictment on this last ground was practically abandoned on the argument.

There was no error in overruling the motion and entering judgment upon the verdict. The judgment must be affirmed, and it is so ordered.        ~                                    *Affirmed.*