### Appeal of BONTA NARRAGANSETT REALTY CORPORATION.        Docket No. 34.

The allegations of the petition must be proven by evidence at the trial. Since the evidence introduced was insufficient to show that the determination of the Commissioner was incorrect, it is approved.

Submitted December 3, 1924; decided December 18, 1924.

Rudolph Mattis, C. P. A., for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal involves income and profits taxes for the calendar year 1921. The deficiency as determined by the Commissioner is based (1) upon the disallowance of depreciation claimed by the taxpayer on buildings; (2) upon the disallowance of $1,412.25 which the taxpayer had deducted as repairs on account of the installation of fireproof doors; (3) upon the disallowance in 1921 of a deduction claimed in that year on account of painting and decorating certain rooms in the building which amount had been expended in 1920.

#### FINDINGS OF FACT.

The taxpayer is a New York corporation with its principal office at 46 West Forty-sixth Street, New York City. It purchased certain hotel property known as the Bonta Narragansett Hotel, located at Ninety-fourth Street and Broadway, New York City, on March 15, 1920. The buildings were constructed substantially of brick, steel, and wood and the cost thereof, exclusive of the land, was $450,000. The taxpayer charged off on its books an amount of depreciation on the buildings at the rate of 3 per cent, amounting to $13,500 for the year 1921. During the year 1921 the sum of $1,412.25 was expended in installing regulation self-closing fire doors to replace nonfireproof doors in the hotel. During

the year 1920 the sum of $10,890.81 was expended for painting and decorating certain rooms in the hotel.

The second question presented for the consideration of the Board is the demand of the taxpayer that its income and profits taxes for the two years 1919 and 1920 be finally determined under the provisions of sections 327 and 328 of the Revenue Act of 1918.

The position of this Board with respect to the consideration of applications for relief under sections 327 and 328 has been set forth in the *Appeal of Oesterlein Machine Co.*, 1 B. T. A., 159, and that position needs no further discussion here. In view, however, of the fact that in this case the application for relief was not made to the Commissioner until on or about the same time the taxpayer filed his appeal with this Board and that it does not appear that the Commissioner has denied consideration of such request, we are of the opinion that the Commissioner should be allowed ample time within which to act upon such request and to make his decision thereon, and for that purpose a period of 30 days is allowed. The taxpayer, if then dissatisfied with the action of the Commissioner, may move for such further proceedings as, in the judgment of the Board, may be deemed necessary to the final determination of this appeal.

## DECISION.

The determination by the Commissioner of a deficiency in the amount of $2,576.66 is approved.

## OPINION.

TRAMMEL: With reference to the amount of the deduction to be charged off on account of the wear, tear, and exhaustion of depreciable assets, the statute provides that a reasonable deduction therefor may be taken. It is a question of fact in each particular case as to what is a reasonable deduction. All facts which affect the useful life of the property should be presented to the Board in order that it may determine the question. The taxpayer, however, has submitted no evidence which would enable the Board to reach a conclusion that the determination of the Commissioner was not correct.

On the question of the deduction claimed by the taxpayer on account of the expenditure incurred in installing fireproof doors and with respect to the expenditure of $10,890.81 in 1920 for painting and decorating certain rooms, no evidence was introduced by the taxpayer to show whether such expenditures were capital or current.

Upon the record, the Board can reach no other conclusion than that the determination of the Commissioner must be approved. It is true that a stipulation of facts was filed, but this sets out no facts upon which the Board could base a conclusion. Essential facts relating to and affecting the life of the property and whether the expenditures referred to were capital expenditures or ordinary and necessary expenses were not presented.

At the hearing the taxpayer's representative offered to substantiate the allegations of the petition by ex parte affidavits and letters.

On objection by the Solicitor, these were rejected by the Board, whereupon the representative asked for a further continuance in order that he might produce evidence on the points in issue. It appeared, however, that the representative of the taxpayer had appeared in this case on October 20, 1924, and at that time was not prepared to proceed with the trial on its merits because he was unable to introduce necessary evidence. At that time he was advised of the rules of the Board with respect to ex parte affidavits and with respect to the introduction of evidence generally. The case was restored to the calendar and subsequently set down for hearing on December 3, 1924, in order to give the taxpayer's representative an opportunity to secure and introduce evidence. A further continuance was denied. While it is the desire of the Board to give taxpayers every opportunity to present all facts in connection with appeals, out of consideration for the public interest, it does not feel that taxpayers or their representatives should wholly disregard its rules and neglect, after being fully advised, to offer material evidence. The Board in this case gave the taxpayer ample opportunity to be heard.

In view of the foregoing it is the opinion of the Board that the determination of the Commissioner should be approved.