WILLIAM REIBERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8602.  Promulgated September 1, 1927.

1. Where the assets of a partnership were transferred to a corporation in exchange for stock thereof, gain or loss resulted to the partners under the Revenue Act of 1918, though the transfer of the assets in exchange for the stock was effected while article 1566, Regulations 45, construing such transfer and exchange not to result in gain or loss to the partners, was in force.

2. The March 1, 1913, value of the partnership assets plus the cost of assets subsequently acquired thereby, determined.

3. The fair market value of the corporate stock determined.

*S. Leo Ruslander, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income tax for the calendar year 1919 in the amount of $1,173.62. Only so much of the deficiency is in controversy as results from the respondent's inclusion in the petitioner's net income for 1919, of the amount of $12,186.17, representing a profit resulting from the exchange of the petitioner's interest in a partnership to a corporation in exchange for stock.

FINDINGS OF FACT.

During the year 1913, the petitioner and his brothers, Otto and Edward, were partners in the retail ice business in the Borough of Sewickley, Pittsburgh, Pa., in which each of the partners had a

one-third interest. The ice business had for many years prior to 1913 been conducted by the father of the petitioner and his brothers, and upon his death the brothers succeeded him in the business.

In the year 1914, Edward Reibert died and the petitioner and his brother Otto, purchased from the widow of Edward Reibert the interest in the business which he had at the time of his death. The amount paid for that interest is not disclosed by the record.

Thereafter, the petitioner and Otto Reibert carried on the business as partners, each having a one-half interest therein. In 1914, they began to increase the facilities and later erected an ice plant and small office building, and purchased additional equipment. The partnership between petitioner and his brother, Otto, continued until June, 1919, when a corporation known as the Reibert Ice Co., was organized for the purpose of taking over the business. The corporation issued its capital stock of $100,000 par value to the petitioner and his brother Otto, in equal amounts, in exchange for all of the assets of the partnership.

The assets transferred to the corporation were not subject to any indebtedness at the time of transfer. At the time of incorporation of the business, friction existed between the petitioner and his brother. Immediately after incorporation in June, 1919, Otto Reibert sold his stock, having a par value of $50,000 and representing a one-half interest in the business, for $30,000, and thereafter worked as an employee in the business. The purchaser bought the stock under an arrangement whereby the petitioner agreed to continue in business with him. The petitioner and the purchaser of Otto Reibert's stock conducted the business for about a year thereafter, the petitioner being the manager thereof. During this period the business made a little profit. The petitioner was ill and unable properly to attend to the business during a large part of this period.

Some time during the year 1920, due to his bad health, the petitioner sold his stock of the par value of $50,000, being one-half of the outstanding capital stock, for $20,000.

Upon audit of the petitioner's return for the year 1919, the Commissioner determined that the fair market value of the stock received in June, 1919, was $30,000 and also determined that the March 1, 1913, fair market value of the petitioner's interest in the partnership business, plus the cost of additions thereto, which was in June, 1919, transferred to the corporation for one-half of its capital stock, amounted to $17,813.83. By reason of these determinations the amount of $12,186.17 was added to the petitioner's taxable income for the year 1919.

OPINION.

LOVE: The petitioner alleges that the respondent erred in increasing his income for the year 1919 by the amount of $12,186.17, as a result of the transfer of his interest in the partnership to the corporation in exchange for its stock of the par value of $50,000, which stock he sold in 1920 for $20,000. The petitioner raises two issues of fact and one of law. He contends that the stock received by him in June, 1919, did not have a fair market value of $30,000 as determined by the respondent, and that his interest in the partnership assets as of March 1, 1913, plus the cost of the additions thereto amounted to more than $17,813.83. The petitioner further contends that as a matter of law the respondent is estopped from asserting the deficiency by reason of the fact that in June, 1919, the time of the transfer of the assets of the partnership to the corporation, the regulations at that time in force and made under the Revenue Act of 1918 provided that the transaction was not a closed one and that gain or loss should be determined when the stock was sold. If the petitioner is correct in this contention, it would be unnecessary for us to consider the other issues, so we will consider the question of estoppel first.

Article 1566 of Regulations 45, promulgated pursuant to the Revenue Act of 1918, in force in June 1919, the time of the transfer of the partnership assets to the corporation, provided in part:

ART. 1566. *Exchange of property and stock.* (*a*) Where property is transferred to a corporation in exchange for its stock, if the previous owner of the property receives 50 per cent or more of the stock of the corporation, so that an interest of 50 per cent or more in such property remains in him, then no gain or loss is realized by such owner from the transaction. For the purpose of ascertaining the gain or loss from the subsequent sale by the stockholder of any stock so received for such property, the stock is to be considered as substituted for the property, and the cost of the property or (if acquired prior thereto) its fair market value as of March 1, 1913, is the basis for determining the amount of such gain or loss. * * *

The petitioner testified that he had consulted an accountant who had advised him of this regulation and had informed him that the transaction set forth in the findings of fact would result in no tax liability. However, on September 26, 1919, Treasury Decision 2924 was issued and in part provided:

(1) Article 1566 of Regulations 45, first authorized April 17, 1919, is considered as not being warranted in law, and is hereby modified to read:

ART. 1566. *Exchange of property and stock.*—Where property is transferred to a corporation in exchange for its stock, the exchange constitutes a closed transaction and the former owner of the property realizes a gain or loss if the stock has a market value, and such market value is greater or less than the cost or the fair market value as of March 1, 1913 (if acquired prior thereto), of the property given in exchange. * * *

WILLIAM REIBERT.

It is contended on behalf of the petitioner that the transaction involving the transfer of the assets to the corporation having been consummated at a time when the original regulations were in force and which provided that no gain or loss would result therefrom until the stock was sold, the respondent is now estopped from asserting a deficiency in tax by reason of the modified regulation issued thereafter. We are unable to agree with this contention.

It is well settled that the Commissioner of Internal Revenue by his regulations can not add to or detract from the taxing statutes enacted by Congress. Congress alone is the only body authorized to make any change in the statutes enacted by it. In considering the force of a regulation in conflict with the statute, the United States Supreme Court in the case of *Morrill* v. *Jones*, 106 U. S. 466, said:

The Secretary of the Treasury cannot by his regulations alter or amend a revenue law. All he can do is to regulate the mode of proceeding to carry into effect what Congress has enacted.

Consequently, a regulation which does not properly interpret the statute, and is not warranted in law, is invalid and of no force or effect. *T. T. Rudolph* v. *Commissioner*, 6 B. T. A. 265.

The petitioner does not contend that the original regulations, article 1566, of Regulations 45, was not invalid. He does not question the right and authority of the Commissioner to revoke the original regulation or amend it in part.

Article 1566 as originally promulgated and which is set out above, was based on section 202 of the Revenue Act of 1918, the pertinent part of which is as follows:

SEC. 202. (a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

\* \* \* \* \* \* \*

(b) When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any \* \* \*.

We are of the opinion that the original regulation, article 1566, was not warranted in law for the reason that it went beyond what Congress had enacted. Congress provided nothing to the effect that if any owner of property transferred it to a corporation for stock and received therefor 50 per cent or more of the stock, so that an interest of 50 per cent or more remained in him, there would be no gain or loss. The original regulation as promulgated added to the statute something that Congress did not enact. Clearly, therefore, it was not warranted in law and was of no force or effect.

Section 202 of the Revenue Act of 1918, *supra*, provides for a gain or loss under the prescribed conditions, and if, in fact, the transaction in question came within the provisions of that section, and

met the conditions prescribed, then, unless the property exchanged was of the same value as the property received, a gain or loss must have occurred, notwithstanding any regulation in force at the time the transaction was consummated which provided that no gain or loss occurred. The liability for taxes was incurred by reason of the statute—not by reason of the regulations.

We come next to the first question of fact. Did the stock received by the petitioner in June 1919, have at that time a fair market value of less than $30,000, the amount determined by the respondent? The burden of proof is on the petitioner to submit such evidence as will enable us to decide that the determination of the respondent is incorrect. *Appeal of Bonta Narragansett Realty Co.*, 1 B. T. A. 208. The evidence shows that Otto Reibert sold his stock, of which he had received the same amount as the petitioner, for $30,000. The fact that there were not other sales of stock of a close corporation during the year does not establish that the stock did not have a readily realizable market value. *Appeal of J. W. Solof*, 1 B. T. A. 776.

We see no reason for disturbing the respondent's determination in this respect and the same is approved.

We come now to the second question of fact. The petitioner contends that the fair market value of his interest in the partnership assets as of March 1, 1913, plus the cost of additions thereto, was in excess of the amount of $17,813.03 as determined by the respondent and used for determining the gain derived from the exchange of those assets for stock in the corporation. One of the former partners estimated at the hearing that the March 1, 1913, value of the partnership assets then owned by the partners, and the cost of assets subsequently acquired and transferred to the corporation in June, 1919, in exchange for capital stock was $42,143.48.

Most of the properties owned were subject to depreciation. We are not informed in regard to the useful life of the depreciable items or the extent of the depreciation sustained, and in the absence of such evidence we can not hold that the Commissioner erred in his valuation; hence, it is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*