**COMMISSIONER OF INTERNAL REVENUE v. GREENE et al.**

No. 349.

Circuit Court of Appeals, Second Circuit.

June 30, 1930.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Andrew D. Sharpe, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Prew Savoy, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

Greene & Hurd, of New York City (Daniel S. Murphy, Francis B. Hamlin, and James L. Dohr, all of New York City, of counsel), for respondents.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

The Board of Tax Appeals entered an order decreeing no deficiency in income taxes against respondents for the year 1922. 15 B. T. A. 401. Respondents are trustees, under the will of W. H. Walker, and on April 6, 1922, they disposed of 5,534 shares of Eastman Kodak Company stock held by them as a part of the corpus of their trust, and with the proceeds ($3,666,275) reinvested in state, municipal, and railway bonds. They also paid in cash $1,911.56 for additional bonds. This transaction the respondents argue, is the exchange of securities as provided in section 202(c)(1) of the Revenue Act of 1921, Act Nov. 23, 1921, c. 136 (42 Stat. 227). Sections 210, 211, 212, and 213 provide for the payment of the income tax and define gross income. Section 219 (a), referring to sections 210 and 211 and making applicable payment of income of estates held in trust, requires the fiduciary to make a return of income for the estate or trust for which he acts. Section 202 provides:

"(a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property;
* * *

"(c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—(1) When any such property held for investment, or for productive use in trade or business (not including stock-in-trade or other property held primarily for sale), is exchanged for property of a like kind or use.
* * * *"

Treasury Regulations 62 referring to exchange of property provide:

"Art. 1566. Exchange of property which results in no gain or loss. Where property is exchanged for other property, even if the property received in exchange has a readily realizable market value, no gain or loss is recognized:

"(a) Where property held for investment is exchanged for other property of a like kind, or where property held for productive use in trade or business is exchanged for other property of a like use. The words 'like kind'

are defined as having reference to the nature or character of the property and not its grade or quality. Therefore under this paragraph no gain or loss is realized by one other than a dealer from the exchange of real estate for real estate, or from the exchange of evidences of indebtedness (such as bonds and notes) for evidences of indebtedness, or from the exchange of shares of stock for other shares of stock; but one kind or class of property may not, under this paragraph, be exchanged for property of a different kind or class, as shares of stock for bonds, or real estate for personal property. * * *"

There was no money received by the respondents in the trust, only bonds, for the stock. The statute provides for nontaxable exchanges in which the property received has a "readily realizable market value." The parties to an exchange are fully justified in adopting the market value as a basis for the exchange and still remain within the contemplation of the statute. Under the direction of the will, the respondents collected the income, including that derived from the shares of stock disposed of, and paid it over in quarterly installments to the beneficiaries. After the disposition of the stock and acquisition of the bonds in their stead, the trustees held them as part of the corpus of the estate, and they continued to pay the income derived therefrom as directed by the will. They truly exchanged these securities, as "property held for investment." If of like "kind" and "use," no gain is to be recognized in the exchange under the statute. The "use" of the property exchanged was the same as that obtained and made part of the corpus of the trust—it was for investment. The properties, stock for bonds, are of "like kind." It is argued that "of a like kind" is to be read only with the preceding words "for investment," and that "use" is to be read only with the preceding words "for productive use in trade or business." But it is apparent that the phrase "property of a like kind or use" refers to both property held "for investment" and to property held "for productive use in trade and business." The exchange of any of such property is the subject-matter referred to in section 202 (c) (1).

This statute, when introduced in the House of Representatives, was in the form as finally enacted. It was amended in the Senate by eliminating the reference to property "held for investment." As amended, the words "property of like kind or use" applied to property held for productive use in

854

trade or business. But the words as used by the House of Representatives, applied as well to property held for investment as to property held for productive use in trade or business. The Conference Committee of both Houses restored the bill to the form in which it had been enacted by the House of Representatives, saying (Amendment 41):

"The House Bill provided that when property held for investment is exchanged for property of a like kind or use no gain or loss shall be recognized even if the property received in exchange has a readily realizable market value. The Senate Amendment strikes out this provision; and the Senate recedes."

Thus Congress intended the words "property of a like kind or use" to apply in case of an exchange of property held for investment. It intended one class of property only, namely, property held either for investment or for productive use in trade or business, and the words "like kind or use" applied to this class of property.

Nor was there intended several classifications by reason of the phrase "of a like kind," such as real estate, evidence of indebtedness, as bonds and notes, or shares of stock. Bonds and shares of stock are personal property and therefore of like kind as referred to in the statute. Edson v. Lucas, decided March 26, 1930 (C. C. A. 8) 40 F.(2d) 398. See, also, Braley v. Commissioner, 14 B. T. A. 1153; Applegate v. Commissioner, 10 B. T. A. 705; C. C. Wyman v. Co. v. Commissioner, 8 B. T. A. 408; Spalding v. Commissioner, 7 B. T. A. 588.

If there be a gain in the transaction here considered, this section was intended to make it free of taxation. It is intended to determine when a taxable gain is realized by the taxpayer, and upon any exchange, where no gain or loss is recognized, property received shall "be treated as taking the place of the property exchanged therefor." When the property received is sold, a gain or loss must be computed as if the original property was being sold. The taxation is deferred until such a sale takes place. This also applies if a loss be sustained.

The Commissioner's regulations went beyond what the statute authorized in directing that exchanges of stock for bonds did not come within the statute and is invalid. Morrill v. Jones, 106 U. S. 466, 1 S. Ct. 423, 27 L. Ed. 267.

Order affirmed.