### SELKOW v. CAMPBELL, Former Federal Administrator, et al.
### No. 204.

Circuit Court of Appeals, Second Circuit.

Dec. 15, 1930.

972

Charles Dickerman Williams and John Fletcher Caskey, both of New York City, for appellant.

Robert E. Manley, Acting U. S. Atty., of New York City (U. S. Grant, Asst. U. S. Atty., of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

The order appealed from denies an application for an injunction and dismisses the bill. The suit seeks to have it determined that the Secretary of the Treasury has no power under the statute (section 6, tit. 2, c. 85, Laws of 1919, 41 Stat. 305 [27 USCA § 16]), to specify a date certain when a permit to use specially denatured alcohol shall expire. In March, 1926, the appellant obtained a permit to use 400 gallons of specially denatured alcohol each 30-day period, in the manufacture of various preparations. This permit by its terms was valid until revoked for cause.

In September, 1927, article 113 of Regulations 3 was issued, which provided that permits of appellant's class should expire December 31, 1928, and thereafter such permits should expire annually on December 31st of each year. In July, 1928, appellant was notified his permit would expire December 31, 1928, and he was requested to file an application for a renewal. He did so, and on December 24, 1928, a renewal permit was issued to him. It contained a provision that it was good until December 31, 1929, but it might be revoked for cause. Since then appellees have refused to honor the permits of 1926 and 1928. This suit was brought to require appellees to treat the permit of December, 1928, or the permit of March, 1926, as presently valid, and to ignore the December 31, 1929, expiration date. Below it was held that the appellees had authority to provide for the annual expiration of permits of this class, and that the March, 1926, permit had been surrendered in law.

Appellant contends (a) that the statute has provided a time limitation for permits of appellant's class and that limitation is exclusive and that administrative officers cannot by regulation impose an additional time limitation; (b) as the expiration date was inserted without authority, it should be disregarded; (c) the permit of March, 1926, has never been surrendered; and (d) that equity will afford relief by injunction. The argument proceeds that Congress has dealt with the subject of time and provided limitations and no administrative officer can add to these. Morrill v. Jones, 106 U. S. 466, 467, 1 S. Ct. 423, 27 L. Ed. 267. The time limit referred to is section 9, title 2 of the National Prohibition Act (27 USCA § 21), which, it is said, provides that the permit remains effective until cause be shown under that section why it should be revoked. Section 6, title 2, provides that the Commissioner must designate the time when the acts permitted shall take place. But section 6 does not mean that he may not limit them by the calendar, although a calendar limitation is not required. Campbell v. Galeno, 281 U. S. 599, 50 S. Ct. 412, 74 L. Ed. 1063, affirming Lion Laboratories v. Campbell, 34 F.(2d) 642 (C. C. A. 2). It provides among other things, the permit shall "give the name and address of the person to whom it is issued and shall designate and limit the acts that are permitted and the time when and

place where such acts may be performed." And the "commissioner may prescribe the form of all permits and applications and the facts to be set forth therein." Section 9, title 2 applies to denatured alcohol use permits of the kind here considered. Qualtop Beverages v. McCampbell, 31 F. (2d) 260 (C. C. A. 2); Remick Products v. Mills, 22 F. (2d) 477 (C. C. A. 2). And a specially denatured alcohol use permit is authorized by the act, although not specifically by reason of the authority conferred upon the Commissioner to issue regulations. Driscoll v. Campbell, 33 F. (2d) 281 (C. C. A. 2); Elsinore Perfume Co. v. Campbell, 31 F. (2d) 235 (C. C. A. 2).

Congress contemplated that regulations should be issued providing for safeguards or requirements to insure the proper use of alcohol and industrial alcohol not specifically provided for by the National Prohibition Act. It provided that the Commissioner may require a bond (subdivision 6, § 1, title 2 [27 USCA § 4, subd. 6]) and make regulations (subdivision 7, § 1, title 2 [27 USCA § 4, subd. 7]). Section 9, title 2, provides for the revocation merely of any permit when the permittee is not in good faith conforming to the provisions of the act or has violated the laws of any state relating to intoxicating liquors. Section 6, title 2, provides that it is mandatory upon the Commissioner to specify expiration dates as to certain classes of permits. Section 9, title 2, is applicable to these permits containing expiration dates which may be revoked for cause. It is evident that Congress did not intend that section 9 alone prescribed the time limit referred to in section 6 of title 2. It is well settled that regulations may not issue contrary to the provisions of statutes. International Ry. Co. v. Davidson, 257 U. S. 506, 42 S. Ct. 179, 66 L. Ed. 341; Morrill v. Jones, 106 U. S. 466, 1 S. Ct. 423, 27 L. Ed. 267; U. S. v. Grimaud, 220 U. S. 506, 31 S. Ct. 480, 55 L. Ed. 563. But that principle has no application to the present statute. The statute does not prescribe a time limitation for specially denatured alcohol permits. It does not specifically require a permit at all. It is doubtful if Congress intended that section 9, title 2, should prescribe revocation as a time limit of a permit which Congress did not require at all. But, by authorized regulations to be made in the discretion of the Commissioner, permits are required authorizing the use of specially denatured alcohol. An intended purpose

by Congress is indicated, giving the Commissioner the power to prescribe the terms of these permits, and section 6, title 2 of the act does authorize the Commissioner to prescribe the form of all permits. Regulations made by the Commissioner must necessarily be reasonable as to duration and terms. Congress intended that the Commissioner should have and exercise a wise discretion. A regulation which handicaps unduly legitimate business would be contrary to the purpose of the act as expressed in section 13, title 3 (27 USCA § 83), and would be held to be unreasonable and therefore an unlawful regulation. The regulation providing that specially denatured alcohol permit shall terminate one year from the date of issuance is reasonable, as it conforms to the provision of the National Prohibition Act with respect to time.

We think Congress intended, by requiring the Commissioner to designate a limit to the time when the acts authorized by the permit may be performed, to allow him to specify and designate the time a permit is to continue in effect unless revoked for cause. It is clear that Congress had in mind preventing violations of the law and to promptly stop them and punish the violators, and all necessary safeguards and restrictions to that end were created to insure the legitimate and lawful use of alcohol for industrial purposes. Donnelley v. United States, 276 U. S. 505, 48 S. Ct. 400, 72 L. Ed. 676. In doing so, it left the control in the hands of the Commissioner by authorizing the issuance of regulations, and did not specifically provide the terms of the permit, but intended to place restrictions thereon as well as upon the Commissioner. It gave supervising power for the proper use of industrial alcohol to the Commissioner, permitting him to terminate the permit when the permittee was guilty of bad faith in operating contrary to law. It relied upon the Commissioner to provide ways and means for legitimate business to readily obtain its industrial alcohol and the specific requirements contained in the act were for the purpose of requiring the Commissioner to adopt certain safeguards to insure the use of the alcohol for legitimate business. It was intended to restrict the permittee rather than the Commissioner in order to prevent diversion of alcohol for unlawful uses and purposes. In obedience to this authority, the Commissioner provided by article 113, Regulations 3, effective October 1, 1927, a limitation of

974

time for a permit to be used for the specially denatured alcohol.

The December 31, 1928, permit was issued subsequent to the effective date of Regulations 3, and contained the definite expiration date of December 31, 1929. That permit terminated by virtue of this lawful regulation.

The 1926 permit authorized appellant to conduct business at 53 East 112th street, New York City. The 1929 permit was amended, on May 9, 1929, authorizing appellant to move his business to 279 Morris avenue, Bronx, N. Y., which he did. He could not use the 1926 permit at this new address. Article 112, Regulations 3, required, in the event of a change in location, a new bond or the consent in\ writing thereto of the sureties·of the existing bond; also a new permit or amendment to the existing permit. Both the appellant and the appellees considered the 1929 permit as the existing permit when an amendment was indorsed on it. The fact that the appellant applied for, received, and operated under the 1929 permit, and that it was amended, supports the claim that appellant relied upon the rights he obtained under the 1929 permit. It was not a continuation of rights under the earlier permit. American Denaturing Corp. v. Campbell, 34 F.(2d) 648 (C. C. A. 2); Kernan v. Campbell, 45 F.(2d) 123 (C. C. A. 2), decided November 10, 1930.

The 1926 permit contained a notation: "This permit will continue in operation until surrendered, or there is failure of required bond, or revocation on citation and hearing." At the time this permit was issued, the regulations provided that the permit could only be issued to terminate December 31, 1926. It was not until September 1, 1926, that the Treasury decisions were modified to provide that specially denatured alcohol use permits would continue to operate until surrendered by the permittee or until failure of required bond or revocation on citation and hearing. The notation with reference to the continuation of the permit was indorsed on it subsequent to September 1, 1926, and in any case the permit continued in effect only until December 31, 1927, when it then terminated. Lion Laboratories v. Campbell, supra; Kernan v. Campbell, supra. It is apparent that the appellant had no permit when he applied for the 1929 permit, and has no rights whatever at this time under the 1926 permit.

Decree affirmed.