**BENDER v. CAMPBELL, Federal Prohibition Administrator, et al.**

No. 198.

Circuit Court of Appeals, Second Circuit.
Jan. 5, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., and Geo. H. Bragdon, Asst. U. S. Atty., both of Brooklyn, N. Y., and John E. O'Neill, Senior Atty., Bureau of Industrial Alcohol, of New York City, of counsel), for appellants.

J. Edward Lumbard, Jr., of New York City (Seymour B. Quel, of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The permit in question was applied for May 25, 1926, to be used for specially denatured alcohol in the manufacture of a medicinal preparation known as Sterole. The permit was refused. On January 7, 1927, by court order, this basic permit was issued permitting the complainant to use specially denatured alcohol for the manufacture of Sterole in accordance with the formula which had been submitted and later approved by the Prohibition Administrator. It expressly stated: "This permit will continue in operation until surrendered or there is failure of required bond, or revocation on citation and hearing." The permittee continued in business with the use of this permit until October 1, 1927, when the Treasury Department made effective Regulations 3, art. 113, which provided for expiration on December 31, 1928, unless renewed, of all permits issued prior to October 1, 1927, which would include this permit. After the promulgation of this regulation, appellee applied for a renewal of his permit for the year 1929. The application was granted December 31, 1928, and a permit No. 2—680, was issued. It was in all respects the same as the original permit, except for a change in the authorized formula, and it provided for expiration December 31, 1929. On October 2, 1929, the appellee applied for a renewal for the year 1930. This application was disapproved. The appellee operated under his 1929 permit during that year.

On June 7, 1930, appellee, relying upon his original permit, claiming never to have surrendered it, filed an application with the Prohibition Administrator to be permitted to withdraw 13,200 wine gallons of specially denatured alcohol, the amount which he claimed to be entitled to withdraw under the basic permit No. 20680 for the first six months of the year 1930. This application was denied because his original basic permit was no longer in effect. This suit was thereupon filed, and a temporary injunction granted, to the extent of prohibiting the appellants from interfering with the appellee's use of his original permit pending the determination of the action. The defendants appealed.

For the reasons stated in our decisions in Goldman v. Campbell, 45 F.(2d) 966, and Selkow v. Campbell, 45 F.(2d) 971, decided December 15, 1930, the order appealed from was improvidently granted. These authorities require a vacation of the temporary injunction.

Order reversed.