*914 OPINION.
Sternhagen :
Both parties agree that the taxpayer was a business league, but they do not agree whether it was one “ not organized for profit and no part of the net earnings of which inures to the benefit of any private stockholder or individual,” and therefore exempt by the statute.
Like all other statutes, this provision must be construed so as to give effect to its intendment. But since it is an exemption, it must be strictly construed, and the taxpayer must establish clearly that it comes squarely within its provisions.
The language of this exemption is, for purposes of construction, exactly the same as the language of the exemption in subdivision (6) of the same section of the statute, as follows:
Corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual.
The only difference between the organizations set forth in the two subdivisions is that, the organizations in subdivision (7) are expressly confined to those “not organized for profit,” while those in subdivision (6), being necessarily and by their nature not organized for profit, do not require the expression of this limitation. We mention this parallel because the Supreme Court has considered subdivision (6), and what it has said about the statutory exemption in the case of corporations which are implicitly not organized for profit applies to the organizations of subdivision (7) which are explicitly so. In Trinidad v. Sagrada Orden de Predicadores, 263 U. S. 578, Mr. Justice Van Devanter said for the Court:
Two matters apparent on the face of the clause go far towards settling its meaning. First, it recognizes that a corporation may be organized and operated exclusively for religious, charitable, scientific, or educational purposes, and yet have a net income. Next, it says nothing about the source of the income, but makes the destination the ultimate test of exemption.
Evidently the exemption is made in recognition of the benefit which the public derives from corporate activities of the class named, and is intended to aid them when not conducted for private gain.
From this it appears that as to the organizations of subdivision (6), notwithstanding that the corporation may have income, the question is in respect of the destination of such income, Does any part thereof inure to the benefit of any private stockholder or individual? As to organizations of class (7), the same question applies, together with the additional question, Is it organized for profit? If it is organized for profit, it is not exempt.
Looking at the constitution of the taxpayer, it appears not alone from its affirmative statements of purpose and objects, but by an express inhibition that it “ shall .not be conducted for profit.” It may acquire a working capital of $25,000, but this is not the avowed purpose of its creation. Such working capital is only for the purpose of enabling it to fulfill its nonprofit functions. And the evidence does not contain any facts which would indicate that actually the association was conducted for profit. It had earnings, but the Supreme Court in the Trinidad case clearly said that Congress con *915 templated this and tbat net income does not take the organization out of the statute. We think the taxpayer is a business league not organized for profit.
The second question is as to the destination of the income— whether any part inures to the benefit of any private individual. This is a question of fact to be determined upon evidence. Because an association is not organized for profit does not prove that it has not in fact distributed its net earnings to its members, and Congress apparently intended to tax any organization which was used as the means of private gain notwithstanding that it was created for a patriotic, civic, or other altruistic purpose. Actual distribution to any individual defeats the exemption. Here, however, the Commissioner agrees that the taxpayer retained for its own use its earnings. No part thereof inured to the benefit of any individual. Thus the statutory qualifications are fully met.
This statutory exemption the Commissioner may not destroy by a regulation restricting its application more narrowly than the restrictions of the statute itself.