CORNER BROADWAY-MAIDEN LANE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64176. Promulgated January 16, 1934.

James O. Wynn, Esq., and Robert H. Montgomery, C.P.A., for the petitioner.

J. M. Leinenkugel, Esq., for the respondent.

OPINION.

TRAMMELL: This proceeding is for the redetermination of a deficiency in income tax of $572.26 for 1929. The only matter in controversy is the correctness of the respondent's action in determining the petitioner's tax liability on a separate rather than a consolidated basis. The proceeding was submitted upon a stipulation of facts, the pertinent portions of which are as follows:

The Lawyers Title and Guaranty Company is and was during the whole of the calendar year 1929 an insurance company organized under the Insurance Laws of the State of New York, and was subject to the tax imposed by Section 204 of the Revenue Act of 1928.

The said Lawyers Title and Guaranty Company owned during the taxable year 1929 all of the capital stock of Lawyers Realty Company, a corporation of the State of New York, and all of the capital stock of Lawyers Trust Company, a corporation of the State of New York.

The said Lawyers Realty Company owned during the taxable year 1929 all of the capital stock of the following corporations of the State of New York:

Corner Broadway-Maiden Lane, Inc. (the petitioner herein)

Liberty Place Holding Corporation

2–4 Maiden Lane Corporation (name changed in 1930 to 170 Broadway Holding Corporation)

For the taxable year 1929, the said Lawyers Trust Company reported its income in a consolidated return, including in said return the income and losses for the year 1929 of the said Lawyers Realty Company, said Corner Broadway-Maiden Lane, Inc., said Liberty Place Holding Corporation and the said 2–4 Maiden Lane Corporation (later 170 Broadway Holding Corporation) pursuant to the provisions of Section 141 of the Revenue Act of 1928. Said return for the calendar year 1929 also included net losses incurred by the said 2–4 Maiden Lane Corporation (later 170 Broadway Holding Corporation) for the years 1927 and 1928.

The deficiency asserted by the respondent for the calendar year 1929 was caused by the denial by the respondent of the right of the said Lawyers Trust Company to file a consolidated return and to apply the losses sustained by the said 2–4 Maiden Lane Corporation (later 170 Broadway Holding Corporation) against the consolidated net income shown in the said consolidated return. The deficiency for said year is based upon the separate net income of the petitioner.

The petitioner's assignment of error, which was denied by the respondent, is stated in the petition as follows:

(a) The respondent has erred in determining that the petitioner during the taxable year 1929 was not affiliated with any of the corporations, hereafter listed, within the provisions of Section 141 of the Revenue Act of 1928:

Lawyers Title and Guaranty Company

Lawyers Trust Company

Lawyers Realty Company

Liberty Place Holding Corporation

2–4 Maiden Lane Corporation;

and in determining that the Lawyers Trust Company did not file a proper consolidated income tax return for the year 1929, including therein the income and losses respectively of the petitioner, of the said Liberty Place Holding

Corporation, said Lawyers Realty Company, and said 2–4 Maiden Lane Corporation.

The pertinent provisions of the Revenue Act of 1928 are as follows:

SEC. 141. CONSOLIDATED RETURNS OF CORPORATIONS—1929 AND SUBSEQUENT TAXABLE YEARS.

(a) *Privilege to file consolidated returns.*—An affiliated group of corporations shall, subject to the provisions of this section, have the privilege of making a consolidated return for the taxable year 1929 or any subsequent taxable year, in lieu of separate returns. The making of a consolidated return shall be upon the condition that all the corporations which have been members of the affiliated group at any time during the taxable year for which the return is made consent to all the regulations under subsection (b) prescribed prior to the making of such return; and the making of a consolidated return shall be considered as such consent. In the case of a corporation which is a member of the affiliated group for a fractional part of the year the consolidated return shall include the income of such corporation for such part of the year as it is a member of the affiliated group.

(b) *Regulations.*—The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary in order that the tax liability of an affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be determined, computed, assessed, collected, and adjusted in such manner as clearly to reflect the income and to prevent avoidance of tax liability.

(c) *Computation and payment of tax.*—In any case in which a consolidated return is made the tax shall be determined, computed, assessed, collected, and adjusted in accordance with the regulations under subsection (b) prescribed prior to the date on which such return is made. Only one specific credit, computed as provided in section 26 (b), shall be allowed in computing the tax.

(d) *Definition of "affiliated group".*—As used in this section an "affiliated group" means one or more chains of corporations connected through stock ownership with a common parent corporation if—

(1) At least 95 per centum of the stock of each of the corporations (except the common parent corporation) is owned directly by one or more of the other corporations; and

(2) The common parent corporation owns directly at least 95 per centum of the stock of at least one of the other corporations.

As used in this subsection the term "stock" does not include nonvoting stock which is limited and preferred as to dividends.

(e) A consolidated return shall be made only for the domestic corporations within the affiliated group. An insurance company subject to the tax imposed by section 201 or 204 shall not be included in the same consolidated return with a corporation subject to the tax imposed by section 13.

Pertinent portions of Regulations 75 issued pursuant to the provisions of subdivision (b) of section 141, *supra*, are as follows:

ART. 1. **Privilege of Filing Consolidated Returns.**

(a) Section 141 gives to the corporations of an affiliated group the privilege of making a consolidated return for the taxable year 1929 or any subsequent taxable year, in lieu of separate returns. This privilege, however, is given upon the condition that *all* corporations, which have been members of the

affiliated group at any time during the taxable year for which the return is made consent to these regulations, and any amendments thereof duly prescribed prior to the making of the return and applicable to such year; and the making of the consolidated return is considered as such consent.

\* \* \* \* \* \* \*

ART. 10.—**Exercise of Privilege.**

(a) *Must be Exercised at Time Parent Files Return.*

The privilege of making a consolidated return for any taxable year of an affiliated group must be exercised at the time of filing the return of the parent corporation for such year. Under no circumstances can such privilege be exercised at any time thereafter. If the privilege is exercised at the time of filing the return, separate returns can not thereafter be filed for such year. (See, however, article 18, relating to the improper inclusion in the consolidated return of the income of a corporation.)

\* \* \* \* \* \* \*

ART. 12.—**Filing Consolidated Return and other Forms.**

(a) *Consolidated Return Filed by Parent.*

A consolidated return shall be made on Form 1120 by the parent corporation for the affiliated group. Such return shall be filed, at the time and in the office of the collector of the district, prescribed for the filing of a separate return by such corporation. (See article 401 of Regulations 74.)

\* \* \* \* \* \* \*

ART. 18.—**Failure to Comply with Regulations.**

\* \* \* \* \* \* \*

(b) *Parent Incorrectly Designated in Consolidated Return.*

If a consolidated return includes a corporation as the parent and such corporation was not (under the provisions of section 141 of the Act) the parent, the tax liability of each corporation included in the return will be computed in the same manner as if separate returns had been filed, unless. upon application, the Commissioner approves the making of a consolidated return, or unless under article 11 a consolidated return is required for such year.

\* \* \* \* \* \* \*

The petitioner contends that the consolidated return filed by the Lawyers Trust Co. for 1929, in which the income of the petitioner was included, was a proper return under the provisions of section 141 of the Act of 1928. The respondent contends that if a consolidated return was permissible for the Lawyers Trust Co., the Lawyers Realty Co. and its subsidiaries such return was, under article 12 of Regulations 75, required to be filed by the parent corporation, the Lawyers Title & Guaranty Co., and not by the Lawyers Trust Co., and that under article 18 the filing of such return by the Lawyers Trust Co. as parent of an affiliated group, when in fact it was not the parent corporation, results in the petitioner and each of the other corporations being subject to a tax computed in the same manner as if separate returns had been filed.

Subdivision (b) of section 141 expressly authorized the respondent to prescribe regulations relating to the filing of consolidated returns

by affiliated groups of corporations. Regulations 75 were prescribed by the respondent pursuant to such express authorization. By article 12 a consolidated return for an affiliated group of corporations is required to be made by the parent corporation. No exception is permitted to that requirement. The first question to be decided is whether this is a valid requirement. The petitioner advances no argument or objection as to why it is not valid. We not only find none ourselves, but see much in support of it. Under these circumstances we think the validity of the requirement must be sustained. Article 18 provides that if a consolidated return includes a corporation as the parent and such corporation was not, under the provisions of section 141 of the act, the parent, the tax liability of each corporation included in the return will be computed as if separate returns had been filed. There are two exceptions to this requirement, but they are not present in the instant proceeding and are therefore not material to our consideration here. The petitioner has advanced no argument or objection directed to the reasonableness or validity of the foregoing provision of article 18. As we see no valid objection to it ourselves we think its validity should be sustained.

The consolidated return involved in this proceeding was made by the Lawyers Trust Co.. acting as parent, and in addition to its income and deductions included those of the Lawyers Realty Co. and its subsidiaries, among which was the petitioner. Since the Lawyers Trust Co. owned no stock in the Lawyers Realty Co. nor its subsidiaries and it is not shown that it owned any in the Lawyers Title & Guaranty Co., it seems clear that it was not the parent of the group of corporations for which the consolidated return in controversy was made, notwithstanding that it was a member of the group.

Article 12 of Regulations 75 required that a consolidated return for an affiliated group be made by the parent corporation. The parent corporation of the Lawyers Trust Co. and the Lawyers Realty Co. was the Lawyers Title & Guaranty Co. Under article 12 a consolidated return in which those companies, as well as the petitioner and the other subsidiaries of the Lawyers Realty Co., were to be included, was required to be made by the Lawyers Title & Guaranty Co., which was the parent corporation, even though under the statute its income and deductions were not to be included therein. The return was not made by the Lawyers Title & Guaranty Co., but by the Lawyers Trust Co., as parent. Under article 18 this action resulted in rendering the petitioner taxable as though a separate return had been made. In view of the foregoing we think the respondent's determination must be sustained. In reaching this conclusion we are not called upon to decide, nor do we decide, whether a consolidated return made for itself and subsidiaries by

a corporation situated as was the Lawyers Realty Co. in this case would be proper.

Reviewed by the Board.

*Judgment will be entered for the respondent.*