MANUS-MULLER & CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59778.   Promulgated June 26, 1934.

*Wilbur H. Friedman, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $1,276.22 in the petitioner's income tax for the calendar year 1929. The error assigned is the determination of the Commissioner that a consolidated return for the petitioner and the Fleck Cigar Co. was not proper for the calendar year 1929, and the consequent failure to offset against the petitioner's income for that year the net loss of the Fleck Cigar Co. for the same year.

The facts have been stipulated and show that: The petitioner and Fleck Cigar Co. are domestic corporations, organized prior to the year 1929; throughout the calendar year 1929 B. H. Manus Tabakshandel, a foreign corporation, owned all of the stock of each of the two domestic corporations; the petitioner was engaged in the business of importing tobacco for sale and made the bulk of its purchases from B. H. Manus Tabakshandel; the Fleck Cigar Co. was engaged in the business of manufacturing cigars and a large amount of its purchases of tobacco were made from the petitioner and from B. H. Manus Tabakshandel; for the calendar year 1929 the petitioner had a net taxable income of $14,602.01 and the Fleck Cigar Co. had a net loss of $34,617.90; an original corporation income tax return for the calendar year 1929, purporting to be a consolidated return for the petitioner and the Fleck Cigar Co., was received in the office of the collector of internal revenue for the third district of New York on March 15, 1930, and on December 23, 1932, the same office received a corporate income tax return which purported to be an amended return of " B. H. Manus Tabakshandel, Manus Muller Company, Inc. and Fleck Cigar Company comprising operations of Manus Muller and Fleck Cigar Company." The Commissioner held that the two domestic corporations were " not affiliated " for the calendar year 1929 for the reason that the one company did not own stock of the other. The explanation given in the statement attached to the notice of deficiency concluded with these words:

The fact that all of the stock in the two companies was owned by the same individual is not a proper basis for filing a consolidated return for the year 1929.

The question presented in this case has never been decided by the Board or by the courts. Despite this fact, and despite the filing of a convincing brief by the petitioner, the respondent has filed no brief, but has merely called our attention to G.C.M. 11800, C.B. XII–2, p. 136. In that memorandum it is conceded that the provisions of section 141 of the Revenue Act of 1928, standing alone, would lead to the conclusion that there could be an " affiliated group " with a foreign corporation as the common parent corporation. But the writer of the memorandum then goes on to say that because of sec-

tion 238 a foreign corporation must be excluded from any consideration whatever under section 141, so that no effect can be given to its stockholdings in any other corporation for any purpose connected with section 141. The memorandum thus holds that section 238 eliminates a foreign corporation as a connecting link of the chain of stock ownership, there is no connection between any of the links interlocking with it, and consequently there is no affiliated group.

Section 141[1] provides for the filing of consolidated returns of corporations for 1929 and subsequent years. The privilege to file a consolidated return for 1929 and subsequent years in lieu of separate returns is given to " an affiliated group of corporations ", except that the " return shall be made only for the domestic corporations within the affiliated group." The term " affiliated group " is defined in the statute as " one or more chains of corporations connected through stock ownership with a common parent corporation " having a stated connection through stock ownership. The definition of " affiliated group " uses no word to indicate that there is any distinction between foreign and domestic corporations having the necessary connection through stock ownership. The general terms of this definition indicate that Congress intended no such distinction, but intended that an " affiliated group " might contain both domestic and foreign corporations. Furthermore, there is no suggestion in the language of the definition that a foreign corporation might not be the parent corporation as well as any other link of the chain. The necessary inference from the language of subsection (e) is that a foreign corporation can be within an " affiliated group."

[1] SEC. 141. CONSOLIDATED RETURNS OF CORPORATIONS—1929 AND SUBSEQUENT TAXABLE YEARS.

(a) *Privilege to file consolidated returns.*—An affiliated group of corporations shall, subject to the provisions of this section, have the privilege of making a consolidated return for the taxable year 1929 or any subsequent taxable year, in lieu of separate returns. The making of a consolidated return shall be upon the condition that all the corporations which have been members of the affiliated group at any time during the taxable year for which the return is made consent to all the regulations under subsection (b) prescribed prior to the making of such return; and the making of a consolidated return shall be considered as such consent. * * *

* * * * * * *

(d) *Definition of " affiliated group ".*—As used in this section an " affiliated group " means one or more chains of corporations connected through stock ownership with a common parent corporation if—

(1) At least 95 per centum of the stock of each of the corporations (except the common parent corporation) is owned directly by one or more of the other corporations; and

(2) The common parent corporation owns directly at least 95 per centum of the stock of at least one of the other corporations.

As used in this subsection the term "stock" does not include nonvoting stock which is limited and preferred as to dividends.

(e) A consolidated return shall be made only for the domestic corporations within the affiliated group. An insurance company subject to the tax imposed by section 201 or 204 shall not be included in the same consolidated return with a corporation subject to the tax imposed by section 13.

This view is further strengthened when section 142 [2] is considered. That section contains provisions similar to those of earlier acts relating to consolidated returns. But it is limited in its application to the year 1928. It defines " affiliation " by saying that " two or more *domestic* corporations shall be deemed to be affiliated " under certain circumstances. (Italics supplied.) The House had decided to discontinue the use of consolidated returns after 1928 and when the bill, which subsequently became the Revenue Act of 1928, came to the Senate, it contained no provision for making consolidated returns for 1929 and subsequent years. The present section 142 was then numbered 141. The Senate decided, however, that consolidated returns should be continued for 1929 and subsequent years on a somewhat different basis. It therefore wrote in entirely new provisions, the House agreed, and section 141 was the result. The change of language was, of course, deliberate. Instead of using the words " affiliation " and " affiliated " the phrase " affiliated group " was adopted. Cf. section 113 (a) (12). The qualifying word " domestic " was not used in that definition. These changes are significant and indicate that for 1929 and subsequent years Congress intended to include foreign corporations in an " affiliated group." Cf. *Brewster* v. *Gage*, 280 U.S. 327, 337.

The next inquiry is whether or not a different interpretation of section 141 results from a consideration of the provisions of section 238.[3] The form and arrangement of the Revenue Act of 1928 is

[2] SEC. 142. CONSOLIDATED RETURNS OF CORPORATIONS—TAXABLE YEAR 1928.

(a) *Consolidated returns permitted.*—Corporations which are affiliated within the meaning of this section may, for the taxable year 1928, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return for the taxable year 1927 was made upon either of such bases, return for the taxable year 1928 shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

(b) *Computation and payment of tax.*—In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. There shall be allowed in computing the income tax only one specific credit computed as provided in section 26 (b).

(c) *Definition of affiliation.*—For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the stock of the other or others, or (2) if at least 95 per centum of the stock of two or more corporations is owned by the same interests. As used in this subsection the term " stock " does not include nonvoting stock which is limited preferred as to dividends.

(d) *China Trade Act corporations.*—A corporation organized under the China Trade Act, 1922, shall not be deemed to be affiliated with any other corporation within the meaning of this section.

\* \* \* \* \* \* \*

[3] SEC. 238. AFFILIATION.

A foreign corporation shall not be deemed to be affiliated with any other corporation within the meaning of section 141 or 142.

quite different from that of earlier acts. The change was designed to secure greater clarity and more logical sequence in the related provisions of the act. It is divided into "Introductory Provisions", "General Provisions", and "Supplemental Provisions." Section 141 is in "Supplement D—Returns and Payment of Tax." Section 4 provides that "the application of the General Provisions and of Supplements A to D, inclusive, to each of the following special classes of taxpayers, shall be subject to the exceptions and additional provisions found in the Supplement applicable to such class." One of the classes is foreign corporations, and the applicable supplement is I. Thus the provisions of Supplement I were intended to apply only to the special class mentioned, foreign corporations, and to make certain exceptions from and additions to the application of the general and supplemental (A to D) provisions when applied to foreign corporations. However, unless the particular taxpayer comes within one of the special classes, no reference need be made to Supplements E to K, inclusive, in order to determine how the income of that taxpayer is to be returned and its tax computed. Neither the petitioner nor the Fleck Cigar Co. belongs to any special class of taxpayers to which Supplements E to K, inclusive, apply. These two corporations are domestic corporations. There is an affiliated group within the meaning of section 141, consisting of B. H. Manus Tabakshandel, the Fleck Cigar Co., and the petitioner. B. H. Manus Tabakshandel, being a foreign corporation, may not join in the consolidated return. The record does not show that the foreign corporation had any tax liability and it may not be a "taxpayer" of the special class covered by Supplement I. Nevertheless the two domestic corporations are allowed by section 141 to file a consolidated return. Section 238 is a part of Supplement I which applies only to foreign corporations. Since we are not concerned with the tax liability of a foreign corporation, but only with the question of the propriety of two domestic corporations filing a consolidated return, section 238 does not apply.

Although section 238 applies only to foreign corporations and its precise meaning may be immaterial in the determination of the tax liability of a domestic corporation, nevertheless we have considered the probable meaning of that section in interpreting section 141. This was to avoid adopting an interpretation of section 141 which would deprive the other section of purpose and effect. An examination of the provisions of Supplements E to K, inclusive, and various parts of the General Provisions and of Supplements A to D, inclusive, shows that some of the provisions of Supplements E to K, inclusive, serve no greater purpose than to repeat or restate some part of the General Provisions and of Supplements A to D, inclusive, re-

lating to one of the special classes. One of these provisions of Supplements E to K, inclusive, is an exact duplication of provisions contained in the General Provisions and Supplements A to D, inclusive. Compare section 263 with sections 141 (f) and 142 (d). In other instances an earlier provision may be restated in somewhat different language or the obvious effect of an earlier provision may be stated. Compare, for example, those provisions of Supplements E to K, inclusive, relating to net losses and credits for foreign taxes, with the more general provisions of sections 117 and 131. Also compare section 251 (h) with sections 141 (g) and 142 (e), and section 238 with section 142 (c). It is obvious that many of the provisions of Supplements E to K, inclusive, were not intended to change or add to the more general provisions of the other sections of the act, but merely to repeat those provisions in the supplement applicable to some special class, for convenience in discovering and applying the law applicable to that class. This obvious and limited purpose and effect of these provisions of Supplements E to K, inclusive, can be considered in determining the purpose and effect which Congress intended section 238 to have. If other sections of Supplements E to K, inclusive, do not change or enlarge the provisions of the act to which they relate, but merely restate or repeat for convenience what has already been provided in those sections, then it is reasonable to believe that section 238 may have been intended to serve a similar purpose.

The legislative history of section 238 indicates that it was not intended to change in any way the more general provisions of either 141 or 142. Originally it related only to the provisions of section 142. When the Senate inserted the provisions of section 141, it was necessary to make a number of changes in other related provisions of the act. Section 238 was then amended to relate to " 141 or 142." The words " deemed to be affiliated " used in section 238 were chosen when they related only to section 142. These words are ill-chosen to modify or change section 141 in any way, for their meaning is not at all clear in so far as they relate to the provisions of section 141. Apparently the legislative draftsmen, in making this amendment to section 238, lost sight of the fact that section 141 was quite different from section 142.[4] See also sections 45 and 141 (f).

Two interpretations of section 238 have been suggested. One is that in so far as the section relates to the provisions of section 141, it simply means that a foreign corporation may not join in a consolidated return thus repeating, for convenience, the provision of

---

[4] Sections 141 and 238 have been continued without substantial change in the Revenue Acts of 1932 and 1934. The fact that the meaning of section 238 has been questioned for the first time in the present case may explain the failure of Congress to realize that a change in its wording would be desirable.

section 141 (e). This would make its effect on 141 and 142 the same for it would then provide that foreign corporations could not join in filing the consolidated returns allowed by those sections. The other, the meaning contended for by the respondent, is that a foreign corporation is not a part of an affiliated group and no effect can be given to its stockholdings in any other corporation for any purpose connected with section 141. Thus the definition of an " affiliated group ", contained in section 141, even as it relates to domestic cor porations, would be changed materially by a provision of a supplement intended to relate only to foreign corporations. An intention to limit an affiliated group to domestic corporations could have been shown quite simply and clearly by using the qualifying word " domestic " in section 141 (d), as was done in section 142 (c). If section 238 was intended to have the broad effect of excluding foreign corporations from an affiliated group, then there was no need to enact the first sentence in section 141 (e) providing that " a consolidated return shall be made only for the domestic corporations within the affiliated group." This is demonstrated by the absence of any such provision in section 142. Of the two suggested interpretations, the first seems far more reasonable.

The question of the effect of the Commissioner's regulations remains. These regulations should be given careful and respectful consideration in interpreting a revenue act. *Fawcus Machine Co.* v. *United States*, 282 U.S. 375. But if convinced of a proper interpretation of an act, we should not fail to make that interpretation because it is in conflict with the Commissioner's regulations. *B. B. Todd, Inc.*, 1 B.T.A. 762, 764. The Commissioner was authorized in section 141(b)[5] to make rules and regulations for certain purposes therein mentioned, and a taxpayer filing a consolidated return was deemed to consent to all of these regulations. See subsection (a). Pursuant to the authority contained in section 141 (b), the Commissioner prescribed Regulations 75. In paragraph (*b*) of article 2 of those regulations, he gives a definition of the term " affiliated group " and states that it " does not include any corporation which under section 141 can not be included in a consolidated return (for example, a foreign corporation * * *)." Thus, there is a conflict between this regulation and what we regard as a correct interpretation of the act. The phrase " affiliated group " is expressly and adequately defined in the statute. Sec. 141 (d). The definition in article 2 (*b*) of the regulations is not the same as the statutory definition. The

---

[5] Sec. 141 (b) *Regulations.*—The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary in order that the tax liability of an affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be determined, computed, assessed, collected, and adjusted in such a manner as clearly to reflect the income and to prevent avoidance of tax liability.

Commissioner was not authorized to define the term "affiliated group." Cf. *In re Temtor Corn & Fruit Products Co.*, 299 Fed. 326, 331; affd., *Schlafly* v. *United States*, 4 Fed. (2d) 195; *Utah Power & Light Co.* v. *United States*, 243 U.S. 389. There was no need for his definition. He can not in this way alter, modify, or change the statutory definition of this phrase. *Morrill* v. *Jones*, 106 U.S. 466; *Merritt* v. *Cameron*, 137 U.S. 542; *Ramsey* v. *Commissioner*, 66 Fed. (2d) 316; *Wilson* v. *Anderson*, 60 Fed. (2d) 52; *Sawyer* v. *United States*, 10 Fed. (2d) 416; *South Carolina Produce Assn.*, 19 B.T.A. 1028; *Waynesboro Manufacturers Assn.*, 1 B.T.A. 911, 915; *Cape Henry Syndicate*, 30 B.T.A. 794. The petitioner, by filing a consolidated return, may not be deemed to have consented to a regulation which the Commissioner had no authority to make and under which the petitioner would have no right to file the consolidated return. Under such circumstances the definition of "affiliated group" contained in Regulations 75, article 2 (*b*) must be disregarded. Cf. *Burnet* v. *Moore Cotton Mills Co.*, 49 Fed. (2d) 59.

No case has come to our attention which is closely analogous to the present case. However, the Board recently decided a case (*Corner Broadway-Maiden Lane, Inc.*, 29 B.T.A. 762, now on appeal to the Circuit Court of Appeals for the Second Circuit), in which the parent company was an insurance company subject to tax imposed by section 204. Section 141 (e) provides that such a company "shall not be included in the same consolidated return with a corporation subject to the tax imposed by section 13." The Board held in that case that a purported consolidated return, filed by or for the corporations subject to the tax imposed by section 13, was ineffectual and the tax should be computed as if separate returns had been filed because the Commissioner's regulations required that the return be filed by the parent corporation, and the corporation which filed the return was not the parent corporation. The Commissioner was sustained in that case simply because the return was not filed by the proper party. That case does not hold that a proper consolidated return cannot be filed for a group of corporations subject to the tax imposed by section 13 having an insurance company subject to the tax imposed by section 204 as the common parent. In the present case the question raised is whether or not a consolidated return can be filed for two domestic corporations where their common parent is a foreign corporation. The only reason stated by the Commissioner for his determination in the present case is that the two domestic companies did not belong to an affiliated group and, therefore, no consolidated return could be filed by or for them. He has not argued that even though a consolidated return could be filed, the returns in question were improper in form or inadequate in any way. Furthermore, the facts and the law are not the same in the two cases.

We do not think that the decision in the *Corner Broadway-Maiden Lane, Inc.*, case impinges in any way upon the question which we are deciding in the present case.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

BLACK, MARQUETTE, SMITH, MORRIS, and ARUNDELL dissent.