THE TRAVELERS INDEMNITY COMPANY, PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.
THE TRAVELERS FIRE INSURANCE COMPANY, PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.
THE TRAVELERS BANK AND TRUST COMPANY, PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.
THE RIO GRANDE LAND AND CANAL COMPANY, PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.
THE RIO GRANDE RESERVOIR AND DITCH COMPANY, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 57916, 62832–62834, 71347–71351.   Promulgated November 1, 1934.

*Nelson T. Hartson, Esq.*, and *James C. Rogers, Esq.*, for the
petitioners.

*Chester A. Gwinn, Esq.*, and *Charles E. Lowery, Esq.*, for the
respondent.

### OPINION.

MURDOCK: The deficiencies determined by the Commissioner and
the corresponding docket numbers are as follows:

| Petitioner | Docket No. | Year | Deficiency |
|---|---|---|---|
| The Travelers Indemnity Company | 57916 | 1927 | $73,253.26 |
| Do | 57916 | 1928 | 155,568.98 |
| Do | 62832 | 1929 | 138,465.29 |
| Do | 71347 | 1930 | 100,437.62 |
| The Travelers Fire Insurance Company | 62833 | 1929 | 12,644.50 |
| Do | 71348 | 1930 | 958.49 |
| The Travelers Bank and Trust Company | 62834 | 1929 | 19,717.36 |
| Do | 71349 | 1930 | 14,441.78 |
| The Rio Grande Land and Canal Company | 71350 | 1930 | 2,054.93 |
| The Rio Grande Reservoir and Ditch Company | 71351 | 1930 | 47.18 |

Several of the original assignments of error have been abandoned
or settled and need not be mentioned here.   The questions presented
for decision are:

1. Whether or not the tax liability of the Travelers Insurance Co.,
the Travelers Indemnity Co., and the Travelers Fire Insurance Co.

should be computed upon the basis of consolidated returns for the years 1927, 1928, 1929, and 1930;

2. Whether or not the tax liability of the Travelers Bank & Trust Co., Colorado Valley Land Co., Monte Vista Canal Co., Rio Grande Reservoir & Ditch Co., Rio Grande Land & Canal Co., and Nebraska Securities Corporation should be computed upon the basis of consolidated returns for the years 1929 and 1930.

The facts were stipulated and may be summarized as follows:

The Travelers Insurance Co. was a life insurance company, and the Travelers Indemnity Co. and Travelers Fire Insurance Co. were insurance companies other than life or mutual. The Travelers Bank & Trust Co., Colorado Valley Land Co., Monte Vista Canal Co., Rio Grande Reservoir & Ditch Co., Rio Grande Land & Canal Co., and Nebraska Securities Corporation were companies other than insurance companies. All of the seven companies were domestic corporations. At all times involved in these proceedings, the Travelers Insurance Co. owned directly at least 95 per centum of the stock of the Travelers Indemnity Co. and the Travelers Indemnity Co. owned directly at least 95 per centum of the stock of the Travelers Fire Insurance Co. At all times involved in these proceedings the Travelers Insurance Co. owned directly at least 95 per centum of the stock of the Colorado Valley Land Co., of the Rio Grande Land & Canal Co., and of the Nebraska Securities Corporation, and the Colorado Valley Land Co. owned directly at least 95 percentum of the stock of the Monte Vista Canal Co. and of the Rio Grande Reservoir & Ditch Co. At all times during the calendar years 1929 and 1930, the Travelers Insurance Co. owned directly at least 95 per centum of the stock of the Travelers' Bank & Trust Co. As used in this paragraph the term "stock" does not include any nonvoting stock which was limited and preferred as to dividends. For each of the calendar years 1927 and 1928 one consolidated return was filed, and it included both the insurance companies and the noninsurance companies, excepting the Travelers Bank & Trust Co., which did not have an affiliated status during those years. For each of the calendar years 1929 and 1930 one consolidated return was filed for the insurance companies and another consolidated return was filed for the noninsurance companies.

The question of whether a life insurance company and two insurance companies other than life or mutual have a right to file a consolidated return for the years 1927 to 1930, inclusive, depends for its answer upon a proper interpretation of the applicable provisions of the Revenue Acts of 1926 and 1928. The Commissioner contends that the law did not authorize the filing of a consolidated return for such a group. He does not otherwise find fault with the form or effectiveness of the returns actually filed.

Section 240 of the Revenue Act of 1926 is headed "Consolidated Returns of Corporations" and permits corporations which are affiliated to make a consolidated return of net income. It provides that "two or more domestic corporations shall be deemed to be affiliated" if their stock is held in one of two ways described in 240 (d). This test of stock ownership is the only one prescribed by the statute. The stipulated facts show that the three corporations in question would be "deemed to be affiliated" under this test of stock ownership. There is no special mention of insurance companies in section 240 and no language is used which would indicate that Congress intended to treat insurance companies differently from other corporations in the matter of affiliation and consolidated returns. Nor is there any indication in 240 of an intention to distinguish a life insurance company from a fire insurance company. The section by its terms applies generally to all domestic corporations, with two exceptions, corporations organized under the China Trade Act, 1922, and corporations entitled to the benefits of section 262. Thus, not only does the Commissioner find no basis for his action in the language of section 240, but under the rule of *expressio unius est exclusio alterius* it would seem that insurance companies were meant to be in the general class to which the statute applies.

Section 142 of the Revenue Act of 1928 is, for present purposes, identical with section 240 of the Revenue Act of 1926. The language of section 141 of the Revenue Act of 1928 is different from that of the two sections above mentioned. However, it does not deny to insurance companies the right to file a consolidated return or exclude them from an affiliated group. The only special reference to insurance companies in section 141 is in (e) which provides that "an insurance company subject to the tax imposed by section 201 or 204 shall not be included in the same consolidated return with a corporation subject to the tax imposed by section 13." This provision merely furnishes another argument for the petitioners, since the clear implication is that insurance companies subject to the tax imposed by section 201 or 204 may form part of an affiliated group and may file consolidated returns, as long as insurance and noninsurance companies do not join in the same return.

The Board and the courts have held that insurance companies and noninsurance companies could not join in a consolidated return under the Revenue Act of 1926 because of the different rates of tax applicable to each. *Fire Companies Building Corporation*, 23 B. T. A. 550; affd., 54 Fed. (2d) 488; certiorari denied, 286 U. S. 546; *Cincinnati Underwriters Agency Co.* v. *Commissioner*, 63 Fed. (2d) 309; certiorari denied, 289 U. S. 754. In those cases mention was made of the difference in the method of computing the net

incomes of the two types of corporations, but this difference was not the real basis for the decisions. See, however, *National Insurance Co.* v. *United States*, 4 Fed. Supp. 1000; *American Exchange Securities Corporation*, 29 B. T. A. 41. The Revenue Acts of 1926 and 1928 contain special provisions relating to insurance companies which differ in many material respects from the provisions applicable to corporations generally. Furthermore, the special provisions relating to life insurance companies (sec. 244, Revenue Act of 1926; secs. 201, 202, 203, Revenue Act of 1928) differ from those relating to insurance companies other than life or mutual (sec. 246, Revenue Act of 1926; sec. 204, Revenue Act of 1928). The Commissioner argues that because of these differences " it is impractical to permit the affiliation of the Travelers Insurance Company with the Travelers Indemnity Company and the Travelers Fire Insurance Company." However, he has failed to point out any particular practical difficulty which might arise and, as a matter of fact, *has computed the tax liability of the three companies for each of the four years in question based upon consolidated returns* and has stipulated that on that basis there are no deficiencies. Thus, certainly no practical difficulty arises in these cases from the use of consolidated returns. Furthermore it would seem simple and practical to compute the consolidated net income in any similar case under the Commissioner's regulations, which provide that the consolidated taxable net income shall be, for 1927 and 1928, the combined net incomes of the several affiliated corporations computed separately, and that the consolidated net income for 1929 and 1930 shall be the aggregate of the gross income of each member of the affiliated group less the aggregate of the deductions allowable to each. Regulations 69, art. 635; Regulations 74, art. 734; Regulations 75, art. 31. If there is any real obstacle to the filing of consolidated returns by life and nonlife insurance companies the Commissioner should be able to point to it. The rates of tax applicable to the two types of insurance companies are exactly the same and consequently the basis for the decisions in the *Fire Companies Building Corporation* case and the *Cincinnati Underwriters Agency Co.* case is not present here. These are the cases upon which the Commissioner relies. It may be that practical difficulties would develop in case an attempt were made to consolidate in one return the report of an insurance company with that of a noninsurance company, as stated, but not demonstrated, in some of the cases cited. But we have a different case before us and, until it appears that there really is some practical difficulty in making a consolidated return for life and nonlife insurance companies, and computing the tax on that basis, the plain words of the consolidated

returns sections permitting the use of such returns should not be changed by judicial interpretation.

This result does not pervert the purpose of the statute in permitting consolidated returns. *Fire Companies Building Corporation, supra.* One of the original purposes of consolidated returns was to prevent tax evasion during the profits tax period of varying rates. But the primary purpose was, and the only purpose in continuing the use of consolidated returns is, to tax " as a business unit what in reality is a business unit ", because to do so " is sound and equitable and convenient both to the taxpayer and to the government ", i. e., " to secure substantial equality between shareholders who ultimately bear the burden." 65th Cong., 3d sess., S. Rept. No. 617, p. 9; 70th Cong., 1st sess., S. Rept. No. 960, p. 14; *Handy & Harman* v. *Burnet*, 284 U. S. 136. The Commissioner has not contended that these three companies were not in reality a single business unit. A consolidated return for a life insurance company and an insurance company other than life might fulfill the purpose of the consolidated returns provisions as well as any other consolidated return. It was not until the enactment of the Revenue Act of 1932 that Congress said such returns could not be filed. Sec. 141 (e), Revenue Act of 1932. Thereafter the Commissioner changed his regulations to provide for the first time that such returns could not be filed under the new act. Cf. art. 711, appendix to Regulations 75, and art. 713, Regulations 77. The new provision of the act was not retroactive and no sound reason for holding that it was merely declaratory of existing law has been advanced.

The second question relates to the filing of consolidated returns for the noninsurance groups for 1929 and 1930. It has nothing in common with the first question except that it is dependent upon a proper interpretation of section 141 of the Revenue Act of 1928. The Commissioner has not questioned the form or method used in filing the consolidated returns for the noninsurance corporations for 1929 and 1930. The argument of the respondent on this point is that a life insurance company can not be recognized as " a common parent corporation ", within the meaning of section 141 (d), of noninsurance corporations owned by it and, consequently, a consolidated return may not be filed for the latter companies even though no insurance company is included in that return. The Commissioner made a somewhat similar argument in the recent case of *Manus-Muller & Co.*, 30 B. T. A. 1015. The difference is that in the *Manus-Muller* case he contended that a foreign corporation could not be the " common parent corporation ", within the meaning of section 141 (d), of domestic corporations owned by it and, consequently, a

consolidated return for the domestic corporations was not authorized by the act. He relied very strongly in his argument upon the provisions of section 238 of the Revenue Act of 1928. The Board held, however, that the foreign parent and the two domestic subsidiaries constituted an " affiliated group " within the definition of that term given in section 141(d) and a consolidated return for the two domestic corporations was proper. There is no substantial difference in the language of section 141 relating to a foreign corporation as a possible parent, from that relating to an insurance company as a possible parent. Furthermore one of the Commissioner's arguments in the *Manus-Muller* case is not available to him in this case, since section 238 relating to foreign corporations has no counterpart relating to insurance companies. Thus, even if the Board misinterpreted section 238 in the *Manus-Muller* case, nevertheless a decision for the petitioners in this case might be proper. "Affiliated group " is defined in section 141(d). The language of the definition is general and contains no reference to insurance companies. Consequently there is no reason to infer that Congress meant to exclude insurance companies of any kind from an " affiliated group." Subsection (e) contains a special provision relating to insurance companies. This fact and the wording of the special provision are further indications that Congress did not intend to exclude insurance companies from an " affiliated group." If they were excluded from the affiliated group the special provision would not have been necessary. The special provision that they " shall not be included in the same return " with other corporations in the group implies that they are in the " affiliated group." Furthermore there is no reason why Congress would want to exclude them from the group and every reason for including any corporation would apply with equal force to include insurance companies. In 1929 and in 1930 there was an " affiliated group " within the precise terms and meaning of the definition contained in 141(d). Since the statute permitted the use of such a return, the Commissioner had no right to compute deficiencies on the basis of separate returns. A consolidated return was proper for the noninsurance companies within the affiliated group for each of the years 1929 and 1930.

Reviewed by the Board.

*Decision will be entered in accordance with
the stipulation of the parties.*

Smith dissents on the second point.