AMERICAN GAS & ELECTRIC SECURITIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62604.   Promulgated October 22, 1935.

*William H. Harding, Esq.*, and *H. C. Kilpatrick, Esq.*, for the petitioner.

*Henry A. Cox, Esq.*, for the respondent.

### OPINION.

BLACK: The Commissioner has determined a deficiency in income tax for the calendar year 1929, amounting to $20,791.47. The only

issue is whether the petitioner and five other domestic corporations which are taxable under section 13 of the Revenue Act of 1928 may file a consolidated income tax return for the calendar year 1929 where their common parent was an insurance company, taxable under section 204 of the same act. The facts were stipulated and there were two exhibits filed. These are a part of the record and need not be copied in this report. The material facts of the stipulation are that the petitioner is, and during the year 1929 was, a corporation duly incorporated, organized, and existing under the laws of the State of Maryland. All the stock of the petitioner and the other five domestic corporations (each of which was subject to the tax imposed by section 13 of the Revenue Act of 1928) was owned during the taxable year by the American Equitable Assurance Co. of New York, a domestic stock fire insurance corporation which was subject to the tax imposed by section 204 of the Revenue Act of 1928.

For the year 1929 the six corporations (including the petitioner) which were subsidiaries of the insurance company filed a consolidated return in which, and in the forms 851 and 1122 filed in connection therewith, petitioner was named as parent of the group. The insurance company filed a separate return of its income for 1929 and did not join in the consolidated return filed by the subsidiaries. On form 1122 the various subsidiary corporations named the petitioner as the parent corporation. On form 851 the petitioner, as parent, reported the amount of capital stock of each corporation outstanding and by whom it was owned. Then followed this statement:

All of the above mentioned Companies are Subsidiaries of the American Equitable Assurance Company of New York and all of the issued and outstanding capital stock is owned by the American Equitable Assurance Company of New York, but our understanding is that we cannot file a report for the Insurance Company including these Subsidiary Companies which do not do an insurance business; therefore we have selected one of the Subsidiary Companies as a Parent to the Subsidiary Group.

The respondent's deficiency notice dated January 13, 1932, from which this appeal is taken, set forth a deficiency of $20,791.47, disallowed affiliation of the companies, and computed the tax liability of the petitioner and each of the corporations joining in the consolidated return for the year 1929 upon the basis of separate returns.

The petitioner and the respondent further stipulated that if the petitioner is not entitled under the statute to file a consolidated return with the American Bank & Trust Co. Shares, Inc., American Industrial Securities Corporation, American Mercantile Securities Corporation, Reserve Securities Corporation of America, and Central Union Securities Corporation, then the deficiency of $20,791.47

in income tax determined against the petitioner for the year 1929 is correct, but if the petitioner is entitled to file such consolidated return with said corporation there is no deficiency in income tax against petitioner.

In *Corner Broadway-Maiden Lane, Inc.*, 29 B. T. A. 762, the Board held, in a case very similar to this, that a consolidated return was improper. That decision has been reversed by the Second Circuit in *Corner Broadway-Maiden Lane, Inc.* v. *Commissioner*, 76 Fed. (2d) 106. In its opinion the Circuit Court of Appeals distinctly decided that such a group of corporations is an affiliated group within the meaning of section 141 (d) of the Revenue Act of 1928, and such was the decision of the Board in *Travelers Indemnity Co.*, 31 B. T. A. 507. This latter case was decided by us after our decision in the *Corner Broadway-Maiden Lane, Inc.*, case. Therefore it seems now to be settled that a domestic insurance company which is taxable under the provisions of section 204 of the Revenue Act of 1928 can be the common parent of other domestic corporations which are taxable under the provisions of section 13 of that act. Although in his deficiency notice the Commissioner seems to have relied solely on his contention that a domestic fire insurance company which is taxable under section 204 cannot be the common parent, within the meaning of section 141, of other domestic corporations which are taxable under section 13, yet in the brief filed by his counsel he calls attention to article 18 of Regulations 75, which reads in part as follows:

ART. 18. FAILURE TO COMPLY WITH REGULATIONS.—

\*         \*         \*         \*         \*         \*         \*

(b) *Parent Incorrectly Designated in Consolidated Return.*

If a consolidated return includes a corporation as the parent and such corporation was not (under the provisions of section 141 of the Act) the parent, the tax liability of each corporation included in the return will be computed in the same manner as if separate returns had been filed, unless, upon application, the Commissioner approves the making of a consolidated return, or unless under article 11 a consolidated return is required for such year.

Respondent thus relies upon petitioner's failure to comply with the foregoing regulation as another reason why the consolidated return should be disregarded and the tax should be computed to each corporation separately. This same regulation was quoted and relied upon as a basis in part for our decision in *Corner Broadway-Maiden Lane, Inc.*, *supra*, but the Circuit Court of Appeals reversed our application of it and held that it was not applicable to the situation which we had before us in that case. We see no substantial difference between the situation which existed in the *Corner Broadway-Maiden Lane, Inc.*, case and the one we have here. In that case the common parent corporation, which was an insurance company, did not file

the consolidated return, just as the common parent corporation in the instant case did not file the consolidated return.

Of course, the logical explanation of that appears to be that under the Commissioner's regulations the real common parent corporation in each case was not permitted to file a consolidated return because the Commissioner had distinctly provided in his Regulations 75, article 2 (b), that no domestic insurance company would be recognized as a common parent of an affiliated group.

In the *Corner Broadway-Maiden Lane, Inc.,* case the Lawyers Trust Co., the corporation filing the consolidated return, did not designate itself in the return as the parent corporation, whereas in the instant case petitioner did designate itself as the parent corporation. Thus there is that difference. However, it is plain that this designation was made because the corporations included in the consolidated return had interpreted the Commissioner's regulations to mean that none but a common parent corporation would be allowed to file the consolidated return and that under the regulations, the real common parent, the American Equitable Assurance Co., would not be permitted to file the consolidated return.

Therefore, petitioner was selected to file it, but in doing so gave the Commissioner full information that it was only designated as the parent corporation as a matter of form and that the real common parent of the group was the insurance company.

Under these circumstances the Commissioner was not misled. Only the income and deductions of corporations which were affiliated under section 141 were included in the consolidated return and none of the group was left out except the insurance company, and this was because of section 141 (e), which provides that "An insurance company subject to the tax imposed by section 201 or 204 shall not be included in the same consolidated return with a corporation subject to the tax imposed by section 13." Under these circumstances we think there has been a substantial compliance with the law and the Commissioner would not have the right, by reason of anything said in article 18 (b) of his Regulations 75, to throw out the consolidated return which was filed and compute petitioner's tax for the taxable year on the basis of a separate return. On this point compare the latter part of the court's opinion in *Corner Broadway-Maiden Lane, Inc.* v. *Commissioner, supra.* It is plain that, on the theory that a domestic insurance company can be the common parent of an affiliated group within the meaning of section 141, (and we so decide in this proceeding, following the authorities which we have cited), some parts of the Commissioner's regulations are contrary to the statute.

*Decision will be entered for the petitioner that there is no deficiency.*